OPINIONS OF THE SUPREME COURT OF OHIO
     The full texts of the opinions of the Supreme Court of Ohio
are being transmitted electronically beginning May 27, 1992,
pursuant to a pilot project implemented by Chief Justice Thomas
J. Moyer.
     Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.  Your
comments on this pilot project are also welcome.
     NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised to
check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.  The
advance sheets to Ohio St.3d will also contain the volume and
page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.

The State ex rel. Dublin Securities, Inc., Appellee, v. Ohio
Division of Securities et al., Appellants.
[Cite as State ex rel. Dublin Securities, Inc. v. Ohio Div. of
Securities (1994),      Ohio St.3d      .]
Corporations -- Securities -- R.C. 1707.12, not 149.43, governs
     the disclosure of information collected by the Ohio Division
     of Securities.
Because the General Assembly enacted R.C. 149.43 subsequent
     to R.C. 1707.12, and never manifested an intent that the two
     provisions be coextensive in either the original enactment
     or any successive amendment, R.C. 1707.12 is the sole
     provision governing information collected by the Ohio
     Division of Securities.
     (No. 93-358 -- Submitted October 19, 1993 -- Decided March
9, 1994.)
     Appeal from the Court of Appeals for Franklin County, No.
91AP-782.
     Appellant Ohio Division of Securities ("the Division") is
the state agency responsible for regulating the securities
industry in Ohio pursuant to R.C. Chapter 1707.  Appellee Dublin
Securities, Inc. ("Dublin") is a dealer licensed by the Division
to engage in the purchase or sale of securities in Ohio pursuant
to R.C. 1707.14.
     On April 25, 1991, counsel for Dublin met with three
individuals from the Division.  During the meeting counsel for
Dublin orally requested, but were refused, a copy of all
complaint letters received by the Division concerning Dublin.
     Dublin repeated its request in writing on April 29, 1991,
relying on R.C. 1707.12, the statute specifically dealing with
information collected by the Division.  On May 1, 1991, the
Division, while not stating whether Dublin was under
investigation, replied that pursuant to R.C. 1707.12(C),
confidential law enforcement investigatory records and trial
preparation records can be made available only to law enforcement
agencies.
     Between May 13 and July 15, 1991, Dublin renewed its request
in writing four more times, broadening the scope of the request
to include all unsolicited materials and any investigation files

concerning the company, its principals and affiliates.  The company demanded to know whether it was under investigation and stated that its purpose in requesting the material was to satisfy the company's duty to self-regulate.  The Division responded to these requests on July 17, 1991, reiterating its former position and asserting that R.C. 1707.12(C) permitted it to release only registration filings, salespersons' applications, and dealer financial statements.

On July 18, 1991, Dublin filed a complaint in mandamus in the Court of Appeals for Franklin County, seeking a writ to compel production of the requested information possessed by the Division.  A referee was appointed and a lengthy discovery process ensued.  During this period the Division disclosed that Dublin was indeed under investigation.  After nearly a year of discovery activity, on June 10, 1992, the court of appeals withdrew the action from the referee and assigned it to a panel of judges on the appeals court.  On December 31, 1992, the court of appeals rendered a decision based upon an agreed statement of facts, the briefs of the parties, and the material in question submitted by the Division and reviewed by the court in camera.

Conducting an item-by-item review of the contents of the Division's file, the court of appeals determined that most of the submitted material was confidential, but that some of the information, including the unsolicited complaint letters, must be made available to Dublin.1  Based on this review, the court issued a writ of mandamus compelling the Division to make available for inspection those documents which it indicated should be disclosed.

The cause is now before this court upon an appeal as of right.

Climaco, Climaco, Seminatore, Lefkowitz & Garofoli Co., L.P.A., John R. Climaco, Richard M. Knoth and Kevin P. Prendergast, for appellee.
Lee I. Fisher, Attorney General, and Robert A. Zimmerman, Assistant Attorney General, for appellants.
King, Polson & Assoc., P.C., and Lee Polson, urging reversal for amicus curiae, North American Securities Administrators Association, Inc.

Wright, J.  This case presents this court with its first opportunity to interpret R.C. 1707.12, the Ohio statute directed towards the inspection of documents filed with, or obtained through investigation by, the Division.  In deciding this case two issues must be addressed.  First, the court must determine whether and to what extent R.C. 1707.12 prevails over the public records statute, R.C. 149.43.  If R.C. 1707.12 controls and the Division obtained the information through an investigation, then this court must determine whether Dublin has a "direct economic interest" in the information and, if so, whether R.C. 1707.12(C) exempts the information from disclosure as either "confidential law enforcement investigatory records" or "trial preparation records."  For the reasons stated below, we hold that R.C. 1707.12, not 149.43, governs the disclosure of information collected by the Division.  We further hold that Dublin, as the target of an investigation, has no direct economic interest in the Division's files and pursuant to R.C. 1707.12(B) the

information obtained by the Division cannot be disclosed.  We do not reach the issue of what constitutes confidential law enforcement investigatory records or trial preparation records within the meaning of R.C. 1707.12(C).

I

Dublin argues that R.C. 149.43 rather than 1707.12 controls the availability of the records in this case because there is no conflict between the two statutes and R.C. 1707.12 is silent on the matter.2  In doing so, Dublin relies on R.C. 1.51.  We find Dublin's position untenable.

It is a well-settled principle of statutory construction that when two statutes, one general and the other special, cover the same subject matter, the special provision is to be construed as an exception to the general statute which might otherwise apply.  Acme Eng. Co. v. Jones (1948), 150 Ohio St. 423, 38 O.O. 294, 83 N.E.2d 202, paragraph one of the syllabus; State ex rel. Elliott Co. v. Connar (1931), 123 Ohio St. 310, 175 N.E. 200, syllabus; State ex rel. Steller v. Zangerle (1919), 100 Ohio St. 414, 126 N.E. 413.  The General Assembly codified this common-law rule in 1972 by enacting R.C. 1.51.  That statute states:

"If a general provision conflicts with a special or local provision, they shall be construed, if possible, so that effect is given to both.  If the conflict between the provisions is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later adoption and the manifest intent is that the general provision prevail."

In construing R.C. 1.51 this court has ruled that "[w]here there is no manifest legislative intent that a general provision of the Revised Code prevail over a special provision, the special provision takes precedence."  State v. Frost (1979), 57 Ohio St.2d 121, 11 O.O.3d 294, 387 N.E.2d 235, paragraph one of the syllabus.  Likewise, in Cincinnati v. Thomas Soft Ice Cream, Inc. (1977), 52 Ohio St.2d 76, 80, 6 O.O.3d 277, 279, 369 N.E.2d 778, 781, we stated that "the later, general provision *** shall control over the special provision *** only if this court determines that the 'manifest intent' of the General Assembly is that the general provision shall prevail."  See, also, State ex rel. Myers v. Chiaramonte (1976), 46 Ohio St.2d 230, 75 O.O.2d 283, 348 N.E.2d 323.

In State v. Chippendale (1990), 52 Ohio St.3d 118, 556 N.E.2d 1134, we provided a framework in which to analyze a conflict between general and special provisions:  "[I]t is critical in the first instance to determine whether the statutes *** are general, special or local.  If the statutes are general and do not involve the same or similar [subject matter], then R.C. 1.51 is inapplicable."  Id. at 120, 556 N.E.2d at 1136.  However, when two statutes, one general and the other specific, involve the same subject matter, R.C. 1.51 must be applied.  Id.

Proceeding with the analysis, the Chippendale court stated: "Where it is clear that a general provision *** applies coextensively with a special provision, R.C. 1.51 allows [both provisions to apply].  Conversely, where it is clear that a special provision prevails over a general provision or the [general provision] is silent or ambiguous on the matter, under R.C. 1.51, *** only *** the special provision [applies].  The only exception in the statute is where '*** the general provision

is the later provision and the manifest intent is that the general provision prevail.'  Thus, unless the legislature enacts or amends the general provision later in time and manifests its intent to have the general provision apply coextensively with the special provision, the special provision must be the only provision applied ***."  (Emphasis added.)  Id. at 120-121, 556 N.E.2d at 1137.

Employing the framework outlined above, we now turn to Dublin's position.  R.C. 149.43 is the public records statute.  It is clearly a general provision.  By contrast, R.C. 1707.12 applies only to documents filed with or obtained by the Division through any investigation.  It is a specific statute enacted as part of an overall statutory scheme that authorizes the Ohio Division of Securities to investigate alleged violations of Ohio's securities laws.  Therefore, in accordance with the Chippendale analysis, this court must apply R.C. 1.51.

In doing so, we initially conclude that the conflict between R.C. 149.43 and 1707.12 is irreconcilable since R.C. 1707.12 appears to be an exception to the general public records provision and the language of R.C. 1707.12 expressly limits inspection requests.  There is no question that R.C. 149.43 was enacted subsequent to R.C. 1707.12.3  Consequently, pursuant to R.C. 1.51, the subsequent, general provision prevails over the special provision only if "the legislature enacts or amends the general provision later in time and manifests its intent to have the general provision apply coextensively with the special provision. ***"  Chippendale, supra, 52 Ohio St.3d at 120-121, 556 N.E.2d at 1137.  While much of the language of both statutes is similar, neither statute refers to the other.  The later, general statute, R.C. 149.43, has never, in either its original form or subsequent amendments, manifested an intent to apply coextensively with the special provision.  There is nothing in the language of either statute to lead this court to believe the legislature intended the two to be coextensive.  Indeed, we may properly assume that the General Assembly had knowledge of the prior legislation when it enacted R.C. 149.43, and had it intended to modify the effect of R.C. 1707.12 it would have done so expressly.

Thus, because the General Assembly enacted R.C. 149.43 subsequent to R.C. 1707.12, and never manifested an intent that the two provisions be coextensive in either the original enactment or any successive amendment, we hold that R.C. 1707.12 is the sole provision governing information collected by the Ohio Division of Securities.

II

Having determined that R.C. 1707.12 is the proper provision to be applied, we must now ascertain which section of the statute governs Dublin's request for inspection.  R.C. 1707.12 provides a three-tier inquiry for assessing information requests.

First, under R.C. 1707.12(A), "[a]ll applications and other papers filed with the division of securities shall be open to inspection at all reasonable times, except for unreasonable or improper purposes."  The key word in this section is "filed."  R.C. 1707.12(A) is the least restrictive provision among the three and its plain language dictates that we interpret it to cover those documents, such as applications, routinely filed with the Division.  Accordingly, the appeals court properly held that

the Division had a duty to release the registration filings, broker applications, and dealer financial statements.

Second, R.C. 1707.12(B) mandates that "[i]nformation obtained by the division through any investigation shall be retained by the division" and shall be made available only to law enforcement personnel or to those who have a "direct economic interest" in the information. Because we find that Dublin does not possess a direct economic interest, this part of our opinion is limited to the R.C. 1707.12(B) analysis.4

The term "direct economic interest" is not defined in the statute. Furthermore, aside from the case history presented in this action by Dublin, R.C. 1707.12 has generated little case law.5 Thus, we are guided in our interpretation solely by the language of the provision and the intent of the Ohio General Assembly.

Dublin asserts it has a direct economic interest in the Division's files by virtue of its duty to self-regulate under Ohio Adm. Code 1301:6-3-15. One manner of fulfilling its responsibility, it claims, is to inspect and follow up on all complaints lodged against it with the Division. If Dublin failed to meet its responsibility, it could be subject to license suspension, license revocation, or other administrative proceedings. The prospect of such an action, Dublin argues, surely vests the company with a direct economic interest in inspecting any unfavorable information obtained by the Division.

While we find Dublin's definition of "direct economic interest" interesting, it must be rejected in this context as too broad. We also reject the suggestion that Dublin's inability to inspect consumer complaints filed with the Division results ipso facto in a failure to meet its duty to self-regulate. Dublin was the target of an administrative investigation by the Division and is currently under criminal investigation by a special prosecutor. In a word, it was hardly the legislative intent of R.C. 1707.12 to place investigatory files in the hands of a subject under investigation. Instead, we hold that persons with a "direct economic interest" should generally be limited to consumers who, for example, may wish to file a civil suit against a dealer where the Division investigated the consumer's complaint but chose not to proceed against the dealer. While R.C. 1707.12(B) generally exempts from inspection "[i]nformation obtained by the division through any investigation," the General Assembly specifically intended to provide a right of inspection to consumers with a direct economic interest in the information, not to the target of an investigation. The court of appeals erred in ruling otherwise and in releasing the sundry complaint letters and other information noted above.

Accordingly, Dublin is not entitled to inspection of those documents.

For the reasons and to the extent stated herein, the judgment of the court of appeals is reversed.

                              Judgment reversed.

Moyer, C.J., A.W. Sweeney, Douglas, Resnick and F.E. Sweeney, JJ., concur

Pfeifer, J., concurs in part and dissents in part.

FOOTNOTES:
    1  The Division submitted to the court of appeals twelve

binders and three audio tapes of contested information.  Of that material, the court of appeals ruled that a flow chart, several documents circulated by Dublin, solicited and unsolicited complaint letters, certain documents forwarded without explanation by a police department, dealer examinations, and miscellaneous correspondence between counsel for both parties were subject to disclosure under R.C. 1707.12(C).

2  The full text of R.C. 1707.12 and the pertinent parts of R.C. 149.43 are set out below.

R.C. 1707.12 provides:

"(A) All applications and other papers filed with the division of securities shall be open to inspection at all reasonable times, except for unreasonable or improper purposes.

"(B) Information obtained by the division through any investigation shall be retained by the division and shall not be available to inspection by persons other than those having a direct economic interest in the information or the transaction under investigation, or by a law enforcement officer pursuant to the duties of his office.

"(C) Confidential law enforcement investigatory records and trial preparation records of the division of securities or any other law enforcement or administrative agency which are in the possession of the division of securities shall in no event be available to inspection by other than law enforcement agencies.

"(D) All public records shall be prepared and made available promptly to any member of the general public at all reasonable times for inspection.  Upon request, the custodian of public records shall make copies of the records available at cost, within a reasonable period of time.  To facilitate public access, the division shall maintain public records in such a manner that they can be made available pursuant to this section.

"(E) As used in this section:

"(1) 'Confidential law enforcement investigatory records' means any record that pertains to a law enforcement matter of a criminal, quasi-criminal, civil, or administrative nature, provided that release of the record would create a high probability of disclosure of any of the following:

"(a) The identity of a suspect who has not been charged with the offense to which the record pertains, or of an information source or witness to whom confidentiality reasonably has been promised;

"(b) Information provided by an information source or witness to whom confidentiality reasonably has been promised, which information reasonably would tend to disclose his identity;

"(c) Specific confidential investigatory techniques or procedures or specific investigatory work product.

"(2) 'Trial preparation record' means any record that contains information that is specifically compiled in reasonable anticipation of, or in defense of, a criminal, quasi-criminal, civil, or administrative action or proceeding, including, but not limited to, the independent thought processes and personal trial preparation of an attorney and division personnel, their notes, diaries, and memoranda."

R.C. 149.43 provides in part:

"(A) As used in this section:

"(1) 'Public record' means any record that is kept by any public office, including, but not limited to, state, county,

city, village, township, and school district units, except medical records, records pertaining to adoption, probation, and parole proceedings, records pertaining to actions under section 2151.85 of the Revised Code and to appeals of actions arising under that section, records listed in division (A) of section 3107.42 of the Revised Code, trial preparation records, confidential law enforcement investigatory records, and records the release of which is prohibited by state or federal law.

"(2) 'Confidential law enforcement investigatory record' means any record that pertains to a law enforcement matter of a criminal, quasi-criminal, civil, or administrative nature, but only to the extent that the release of the record would create a high probability of disclosure of any of the following:

"(a) The identity of a suspect who has not been charged with the offense to which the record pertains, or of an information source or witness to whom confidentiality has been reasonably promised;

"(b) Information provided by an information source or witness to whom confidentiality has been reasonably promised, which information would reasonably tend to disclose his identity;

"(c) Specific confidential investigatory techniques or procedures or specific investigatory work product;

"(d) Information that would endanger the life or physical safety of law enforcement personnel, a crime victim, a witness, or a confidential information source.

"(3) 'Medical record' means any document or combination of documents, except births, deaths, and the fact of admission to or discharge from a hospital, that pertains to the medical history, diagnosis, prognosis, or medical condition of a patient and that is generated and maintained in the process of medical treatment.

"(4) 'Trial preparation record' means any record that contains information that is specifically compiled in reasonable anticipation of, or in defense of, a civil or criminal action or proceeding, including the independent thought processes and personal trial preparation of an attorney."

3  R.C. 149.43 was originally enacted in 1963, R.C. 1707.12 in 1929.  See 130 Ohio Laws 155; 113 Ohio Laws 229.  Both have been extensively amended.

4  We do not reach the third and most restrictive inquiry, i.e., that under R.C. 1707.12(C).  That section requires that confidential law enforcement investigatory records or trial preparation records be made available for inspection only to law enforcement agencies.

5  See Republic Oil Co. v. Columbus Accounting & Tax Serv., Inc. (June 1, 1989), Franklin C.P. No. 85CV-11-6851, unreported; Worthington Invest. Corp. v. McGill (Feb. 12, 1992), S.D. Ohio No. C-2-91-659, unreported.

Pfeifer, J., concurring in part and dissenting in part. I concur with the majority's syllabus, but I respectfully disagree with its disposition of this case.

While R.C. 1707.12 is the sole provision governing information collected by the Ohio Division of Securities (the "Division"), the Division has failed to prove that the documents it wishes to conceal from disclosure fulfill the statutory test in R.C. 1707.12.

While I am aware that Dublin Securities, Inc. has recently been indicted, this occurrence is irrelevant to the matter before

us.  The majority devotes a significant portion of its opinion to analyzing R.C. 1707.12(B), which provides:

"Information obtained by the division through any investigation shall be retained by the division and shall not be available to inspection by persons other than those having a direct economic interest in the information or the transaction under investigation, or by a law enforcement officer pursuant to the duties of his office." (Emphasis added.)

This provision prohibits disclosure only when the records at issue were obtained "through any investigation."  Before the Division can exclude documents from disclosure pursuant to R.C. 1707.12(B), it must prove that an active investigation was underway at the time the Division received the document in question.  The record is devoid of any evidence indicating that the Division had begun investigating Dublin Securities before receiving the requested documents.  A governmental body refusing to release records has the burden of proving that the records are exempted from disclosure. See State ex rel. Natl. Broadcasting Co. v. Cleveland (1988), 38 Ohio St.3d 79, 526 N.E.2d 786, paragraph two of the syllabus.  The Division failed to meet its burden of proof and may not refuse to disclose the documents in question on the basis of R.C. 1707.12(B).  Thus, the majority's detailed analysis of whether Dublin possesses "a direct economic interest" pursuant to R.C. 1707.12(B) is premature.

Likewise, the Division has failed to prove that the documents in question are exempted from disclosure pursuant to R.C. 1707.12(C), which provides:

"Confidential law enforcement investigatory records and trial preparation records of the division of securities or any other law enforcement or administrative agency which are in the possession of the division of securities shall in no event be available to inspection by other than law enforcement agencies."

The court of appeals correctly determined that the items which the Division wishes to conceal are neither "confidential law enforcement investigatory records" nor "trial preparation records."  Because I find no abuse of discretion with its determinations, I would affirm the lower court's application of R.C. 1707.12(C).

The exceptions to disclosure contained in R.C. 1707.12(B) and (C) do not apply to the documents in question. They should be disclosed pursuant to R.C. 1707.12(D).6
FOOTNOTE:
6    R.C. 1707.12(D) provides:

"All public records shall be prepared and made available promptly to any member of the general public at all reasonable times for inspection.  Upon request, the custodian of public records shall make copies of the records available at cost, within a reasonable period of time.  To facilitate public access, the division shall maintain public records in such a manner that they can be made available pursuant to this section."