THE STATE EX REL. SLAGLE, PROS. ATTY., APPELLEE,

*v.* ROGERS, APPELLANT, ET AL.

[Cite as *State ex rel. Slagle v. Rogers,*
103 Ohio St.3d 89, 2004-Ohio-4354.]

(No. 2003–1671—Submitted May 25, 2004—Decided September 8, 2004.)

---

**FRANCIS E. SWEENEY, SR., J.**

{¶ 1} Relator-appellee, Jim Slagle, is the Prosecuting Attorney for Marion County. Respondent-appellant, the Honorable Richard M. Rogers, is the Administrative Judge of the Marion County Court of Common Pleas. Relator routinely asked to inspect transcripts in the possession of the clerk of court for trials in which he was a party or to have copies of the transcripts prepared for him at cost, citing R.C. 149.43(B)(1). In the belief that relator is obliged to pay the fee fixed by the court under R.C. 2301.24, respondent issued an order requiring the clerk of court to forward all requests by parties to a case for copies of the transcripts to the official court reporter for a statement of the fee for providing the transcript. The order allowed nonparties to obtain copies of transcripts at cost.

{¶ 2} Slagle subsequently made public-records requests for photocopies of portions of the transcript in the criminal case entitled *State v. Saxton* and for a copy of the audiotape of a suppression hearing in the matter of *State v. Call*. Judge Rogers denied the *Saxton* request and has not responded to the *Call* request. In response, Slagle filed the instant mandamus action. The court of appeals granted a writ of mandamus, finding that pursuant to R.C. 149.43(C), Slagle was entitled to copies of any transcript filed in a court case and copies of any audiotape of proceedings, at the actual cost of reproduction.

{¶ 3} The cause is before this court for final disposition upon the evidence and briefs.

{¶ 4} The issue before this court is whether a party to a lawsuit may use Ohio's Public Records Act to obtain, at actual cost, photocopies of court transcripts and copies of audiotapes. Since we find that R.C. 149.43 may not be used to circumvent R.C. 2301.24, we hold that relator is not entitled to the requested copies of court transcripts at cost under R.C. 149.43(B)(1). However, relator is entitled to a copy of the audiotape. Accordingly, for the reasons that follow, we deny relator's writ of mandamus in part but grant it in part.

{¶ 5} R.C. 149.43(B)(1) provides that copies of public records shall be made available "at cost." Records of court proceedings fall within the definition of public records. See *State ex rel. Harmon v. Bender* (1986), 25 Ohio St.3d 15, 25 OBR 13, 494 N.E.2d 1135 (holding that videotapes of trial proceedings are public records). However, contrary to Slagle's position, this does not necessarily mean that he is entitled to obtain copies of these records at cost.

{¶ 6} In *State ex rel. Warren Newspapers, Inc. v. Hutson* (1994), 70 Ohio St.3d 619, 625, 640 N.E.2d 174, we interpreted the phrase "at cost" as used in R.C. 149.43(B)(1) to mean the actual cost of making copies, "unless the cost is otherwise set by statute." Id., citing 1989 Ohio Atty.Gen.Ops. No. 89–073. By placing this limitation upon R.C. 149.43, we recognized that when a statute specifically sets forth the cost of making copies of records, that statute must take precedence over the "at cost" provision of R.C. 149.43(B)(1).

{¶ 7} R.C. 2301.24 is a specific statute that governs the compensation to be paid shorthand reporters when a party to an action requests copies of transcripts. R.C. 2301.24 provides:

{¶ 8} "The compensation of shorthand reporters for making transcripts and copies as provided in section 2301.23 of the Revised Code shall be fixed by the judges of the court of common pleas of the county wherein the trial is had. Such compensation shall be paid forthwith by the party for whose benefit a transcript is made."

{¶ 9} Pursuant to R.C. 2301.24, the judges of the Marion County Court of Common Pleas established the following transcript costs: $2.50 per page for the original and one copy to the requesting party; $2.60 per page if prepared from audio tape; $1.05 per page for a copy to other parties.

{¶ 10} At Slagle's request, the Attorney General issued Ohio Atty.Gen.Ops. No. 2002–014, addressing the issue whether R.C. 2301.24 takes precedence over R.C. 149.43 when a party to an action seeks copies of transcripts prepared in the action. In finding R.C. 2301.24 controlling, and in holding that a prosecuting attorney could not obtain a photocopy of a transcript previously prepared without paying the court reporter the designated fee fixed by the common pleas judges, the Attorney General opinion reasoned as follows:

{¶ 11} "R.C. 2301.24 unequivocally provides that a court reporter is entitled to the compensation for making transcripts whenever the court reporter prepares a transcript for a party in a civil or criminal action in the court of common pleas. * * *

{¶ 12} "Because R.C. 2301.24 establishes the method for determining the amount that a party in a civil or criminal action in a court of common pleas must pay for a photocopy of a transcript, R.C. 2301.24 applies in such a situation, rather than R.C. 149.43(B)." 2002 Ohio Atty.Gen.Ops. No. 2002–014, 2002 WL 1336093, at * 6.

{¶ 13} We find this opinion persuasive, as well as a prior Attorney General opinion we cited in *Hutson,* 70 Ohio St.3d at 625, 640 N.E.2d 174, which further clarified this point by stating, "Where * * * a statute establishes a fee to be

charged for copies provided, the statutory fee will control." 1989 Ohio Atty.Gen. Ops. No. 89–073, 1989 WL 455411, at * 5.

{¶ 14} This rationale comports with the well-settled principle of statutory construction that "when two statutes, one general and the other special, cover the same subject matter, the special provision is to be construed as an exception to the general statute which might otherwise apply." *State ex rel. Dublin Securities, Inc. v. Ohio Div. of Securities* (1994), 68 Ohio St.3d 426, 429, 627 N.E.2d 993. R.C. 1.51 codifies this rule and provides: "If a general provision conflicts with a special or local provision, they shall be construed, if possible, so that effect is given to both. If the conflict between the provisions is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later adoption and the manifest intent is that the general provision prevail."

{¶ 15} As applied here, R.C. 2301.24 is a specific statute that requires a party to an action to pay the designated fee to the court reporter when seeking transcripts or copies of transcripts in the action. In furtherance of this statute, the Marion County Court of Common Pleas has set forth specific fees that parties must pay when seeking copies of transcripts. In contrast, R.C. 149.43 is a general statute that addresses the public's right of access in general to public records. The General Assembly did not express its intent that R.C. 149.43 prevail over more specific statutes governing the cost of copies for parties. Under these circumstances, we find that R.C. 2301.24 is controlling.

{¶ 16} As to Slagle's claim that he is entitled to have the *State v. Call* audiotape, he alleged in his complaint that he needed a copy of the audiotape of the suppression hearing in order to prepare for trial. Although Judge Rogers agrees that the recording should be made available for reasonable inspection, he argues that Slagle should not be allowed to have the tape copied at cost under R.C. 149.43(B)(1). Instead, he maintains that a party to the action is limited to a transcribed version of the tape, to be ordered from the court reporter for the fee fixed by the court.

{¶ 17} We disagree with this position. In *State ex rel. Cincinnati Enquirer v. Hamilton Cty.* (1996), 75 Ohio St.3d 374, 662 N.E.2d 334, we held that tapes of 911 calls were public records and were subject to release under the Ohio Public Records Act. In this case, Slagle is not asking to have the tape transcribed or to have a transcript of the tape copied for him—he is only requesting a copy of the audiotape. Under these circumstances, he is entitled to the copy at cost. However, if a party to an action seeks a transcription of an audiotape of a court proceeding, then that party is required to follow the procedure set forth in R.C. 2301.24 and to pay the designated fee to the court reporter.

{¶ 18} Accordingly, we hold that when a party to an action requests copies of a court transcript of the proceedings in that action, R.C. 149.43 is superseded by R.C. 2301.24, and the party must pay the official court reporter the fees designated by the court pursuant to the latter statute. However, where a party only seeks a copy of an audiotape of court proceedings, he is entitled to that copy.

Judgment affirmed in part
and reversed in part.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

---

Jim Slagle, Marion County Prosecuting Attorney, pro se.

Vorys, Sater, Seymour & Pease, L.L.P., James E. Phillips and Lisa Pierce Reisz, for appellant.

McKenna, Long & Aldridge, L.L.P., Jeffrey P. Altman and Traci M. Vanek, urging denial of the writ for amici curiae National Court Reporters Association and Ohio Court Reporters Association.

William F. Schenck, Green County Prosecuting Attorney, and Robert K. Hendrix, Assistant Prosecuting Attorney, urging granting of the writ for amicus curiae Ohio Prosecuting Attorneys Association.