[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY {¶ 1} This matter comes on for determination of Relator's Complaint for Writ of Mandamus, Answer of Respondents and, pursuant to this Court's granting an alternative writ with briefing schedule, the Brief of Respondents and Reply Brief of Relator.
 {¶ 2} We reiterate in summary the uncontested facts as follows. A "Consultation Summary Assessment of Dr. Tennenbaum" (the "Assessment") was prepared and filed in the pending guardianship case of Clair Miller, in the Probate Court of Logan County, Ohio. On May 29, 2008, the Logan County Probate Judge ordered that no copies of the Assessment be made or released and that it "only be reviewed in the presence of Court officers." On June 2, 2008, Relator, a party-applicant in the guardianship case, made a written public records request to the *Page 2 
Clerk of the Logan County Probate Court and to the Logan County Probate Court Judge ("Respondents") asking to inspect and copy the Assessment. Respondents admit that the request was "effectively refused" by failing to respond within a reasonable period of time.
 {¶ 3} Relator then filed the instant Complaint for Writ of Mandamus to compel Respondents to provide "access, reasonable continuing access, and the right to inspect and copy" the Assessment, pursuant to R.C. 149.43.
 {¶ 4} On August 7, 2008, this Court issued an alternative writ with scheduling order finding that a potential cause of action in mandamus will lie and directing that Respondents file a brief setting forth good cause why the Assessment filed in the guardianship case is not subject to disclosure as a "public record" under R.C. 149.43.
 {¶ 5} Respondents filed a one page brief arguing only that the Assessment should not be disclosed as a public record because the proposed amendments to the Rules of Superintendence, specifically Sup. R. 45, authorizes and sets forth a procedure for restricting access to court documents that would normally be available to the parties and public, and this process was substantially followed. Respondents, however, acknowledge that the amendments are merely proposed, with the time for public comment having just recently passed, and any new rule would apply only to actions commenced subsequent to the effective date. *Page 3 
 {¶ 6} Mandamus is the appropriate remedy to compel compliance with R.C. 149.43, Ohio's Public Records Act. State ex rel. Physicians Commt.For Responsible Medicine v. Ohio State Univ. Bd. of Trustees (2006),108 Ohio St.3d 288, 2006-Ohio-903; R.C. 149.43(C)(1). The requirement of the lack of an adequate legal remedy does not apply to public-records cases.State ex rel. Gaydosh v. Twinsburg (2001), 93 Ohio St.3d 576,2001-Ohio-1613.
 {¶ 7} The Public Records Act reflects the state's policy that "open government serves the public interest and our democratic system."State ex rel. Dann v. Taft (2006), 109 Ohio St.3d 364, 2006-Ohio-1825. Consistent with this policy, R.C. 149.43 should be liberally construed in favor of broad access and any doubt resolved in favor of disclosure of public records. State ex rel. Carr v. Akron (2006),112 Ohio St.3d 351, 2006-Ohio-6714. Thus, the custodian has the burden to establish the applicability of any exception. State ex rel. Beacon Journal PublishingCo. v. Akron (2004), 104 Ohio St.3d 399, 2004-Ohio6557; See, also,Glasgow v. Jones (2008),119 Ohio St.3d 391, 2008-Ohio-4788.
 {¶ 8} In the instant case, after consideration of Respondents' brief in response, we are compelled to conclude that a writ of mandamus should issue. Respondents assert one reason for excluding the Assessment from disclosure as a public record under R.C. 149.43, a currently non-existent Rule of Superintendence that, even if it were somehow considered, they concede is not retroactive in *Page 4 
application. Thus, whether Respondent's order limiting access and barring the making of copies of the Assessment meets the "spirit" of the proposed rule is of no consequence and need not be decided.
 {¶ 9} In regard to the statutory exceptions, it is uncontested that the Assessment was prepared solely to assist the court with making its determination on the guardianship claim, presumably pursuant to R.C. 2111.031. The Assessment was not "generated and maintained in the process of medical treatment" and, therefore, it does not fall within the definition of a "medical record," which would have excluded it from disclosure under R.C. 149.43(A)(1)(a). See State v. Hall (2001), 141 Ohio App.3d 561; and Hageman v. Southwest Gen. Health Ctr. (2008)119 Ohio St.3d 185, 2008-Ohio-3343, discussing the "cloak of confidentiality" that applies to "medical records" obtained as a result of medical treatment.
 {¶ 10} Beyond the exclusion of "medical records," the Ohio Legislature included twenty-five additional categories in R.C. 149.43(A)(1)(b)-(z), covering an eclectic yet detailed list of documents and court records that would not be subject to disclosure as a public record under R.C. 149.43. No category references or makes special provision for a physician's assessment that is prepared at the request of the court and filed for purpose of determining a guardianship action.
 {¶ 11} Finally, it is important to note that it is not alleged by Respondents *Page 5 
nor do we find any conflicting, special statutory provision in R.C. Chapter 2111 which could be construed as an exception to R.C. 149.43, the general statute. See, i.e., State ex rel. Slagle v. Rogers (2004),103 Ohio St.3d 89, 2004-Ohio-4354, clarified on reconsideration byState ex rel. Slagle v. Rogers (2005), 106 Ohio St.3d 1402,2005-Ohio-3040.
 {¶ 12} Accordingly, a writ of mandamus should issue directing Respondents to make the Assessment filed in the guardianship case of Clair Miller available for inspection and copying, under reasonable times during regular business hours as required by R.C. 149.43(B)(1).
 {¶ 13} Relator's Complaint also requests attorney fees and for any other relief deemed just. In regard to same, it appears that Respondents did not provide a written explanation, including legal authority, setting forth why the request for public records was denied, as required by R.C. 149.43(B)(3). However, the previously filed court order did allow for review of the Assessment in the presence of court officers, and there is no prejudice alleged. See factors set forth in R.C. 149.43(C)(2). Accordingly, we find that statutory damages are not warranted; however, we find that Relator is entitled to an award of reasonable attorney fees, together with the court costs associated with this action, as assessed by the Clerk of this Court.
 {¶ 14} It is therefore ORDERED, ADJUDGED and DECREED that *Page 6 
Relator's Complaint for Writ of Mandamus be and hereby is granted, with costs of the instant action assessed to Respondents. Respondents are hereby ORDERED to make the Assessment of Dr. Tennenbaum, filed in the guardianship case of Clair Miller, Logan County Case No. 07 GI 01, available for inspection and copying, as required by R.C. 149.43.
 {¶ 15} It is further ORDRED that Relator's request for attorney fees be, and hereby is granted. Relator's counsel is instructed to submit an affidavit and documentation in support of the amount of his request for attorney fees, in accordance with the guidelines in DR 2-106. *Page 1