[Cite as *Riffle v. Physicians & Surgeons Ambulance Serv.*, 2011-Ohio-6595.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

ANDREA RIFFLE, et al.

    Appellees

    v.

PHYSICIANS AND SURGEONS
AMBULANCE SERVICE

    Defendant

    and

CITY OF AKRON

    Appellant

C.A. No.    25829

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV-2009-11-8537

DECISION AND JOURNAL ENTRY

Dated: December 21, 2011

DICKINSON, Judge.

INTRODUCTION

{¶1} Andrea Riffle called 911, reporting that she was in her third trimester of pregnancy and experiencing serious bleeding. A short time later, several City of Akron paramedics arrived at her home and took her vital signs. The paramedics did not take the fetus's vital signs and, instead of taking Mrs. Riffle immediately to the hospital, called American Medical Response to take her. American Medical Response arrived a few minutes after receiving the paramedics' call and took Mrs. Riffle to the hospital. Doctors diagnosed her fetus as having fetal bradycardia and performed an emergency cesarean section. The baby died three days later.

{¶2} Mrs. Riffle and her husband, Dan Riffle, sued the City, the paramedics who came to her house, and American Medical Response for contributing to their daughter's death. The City moved for judgment on the pleadings, alleging it is immune under Section 2744.02 of the Ohio Revised Code. The trial court denied its motion, concluding that, to the extent the Riffles alleged the City's paramedics' conduct was willful and wanton, the City was not entitled to immunity because, while Section 4765.49(B) of the Ohio Revised Code provides immunity to governmental entities that provide emergency medical services in a negligent manner, it specifically excludes from immunity willful or wanton conduct of such governmental entities. The City has appealed, assigning as error that the trial court incorrectly determined that the Riffles' claims against it are not barred by Section 2744.02. We affirm because Section 4765.49(B) more specifically addresses governmental entities that provide emergency medical services than does Section 2744.02, and, therefore, it, rather than the more general provisions of Section 2744.02, applies to the alleged facts of this case.

POLITICAL SUBDIVISION IMMUNITY

{¶3} The City's assignment of error is that the trial court incorrectly denied its motion for judgment on the pleadings based on sovereign immunity. Specifically, it has argued it has immunity under Section 2744.02 of the Ohio Revised Code. Under Section 2744.02(A)(1), "[e]xcept as provided in division (B) of this section, a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function." The provision or nonprovision of emergency medical services is a governmental function. R.C. 2744.01(C)(2)(a).

**{¶4}** The Riffles have argued that, although Section 2744.02(A)(1) provides a general blanket of immunity to political subdivisions, there is an exception under Section 2744.02(B)(5) that applies in this case. Under Section 2744.02(B)(5), "a political subdivision is liable for injury, death, or loss to person or property [if] civil liability is expressly imposed upon the political subdivision by a section of the Revised Code, including, but not limited to, sections 2743.02 and 5591.37 of the Revised Code. Civil liability shall not be construed to exist under another section of the Revised Code merely because that section imposes a responsibility or mandatory duty upon a political subdivision, because that section provides for a criminal penalty, because of a general authorization in that section that a political subdivision may sue and be sued, or because that section uses the term 'shall' in a provision pertaining to a political subdivision."

**{¶5}** According to the Riffles, Section 4765.49(B) of the Ohio Revised Code expressly imposes liability on political subdivisions for willful or wanton misconduct of their employees who provide emergency medical services. Under Section 4765.49(B), "[a] political subdivision . . . that provides emergency medical services . . . is not liable in damages in a civil action for injury, death, or loss to person or property arising out of any actions taken by a first responder, EMT-basic, EMT-I, or paramedic working under the officer's or employee's jurisdiction, . . . unless the services are provided in a manner that constitutes willful or wanton misconduct."

**{¶6}** Section 2744.02(B)(5) provides two examples of statutes that "expressly impose[ ]" liability on a political subdivision. The first is Section 2743.02, which provides that "[t]he state hereby waives its immunity from liability . . . and consents to be sued . . . in the court of claims created in this chapter[.]" The other is Section 5591.37, which provides that "[n]egligent

failure to comply with section 5591.36 of the Revised Code shall render the county liable for all accidents or damages resulting from that failure."

{¶7} Section 4765.49 is different from the examples given in Section 2744.02(B)(5). While the language used in Sections 2743.02 and 5591.37 indicates that the purpose of those statutes is to establish liability when it would not otherwise exist, the language of Section 4765.49 shows a purpose to create immunity when liability would otherwise exist. Section 4765.49(B) provides that governmental entities, their employees, and entities that contract with them are "not liable in damages in a civil action for injury, death, or loss to person or property arising out of any actions taken by a first responder . . . unless the services are provided in a manner that constitutes willful or wanton misconduct." Section 4765.49(A) provides the same immunity from claims of negligence to non-governmental entities and individuals who provide emergency medical services. There can be no doubt that Section 4765.49's purpose in regard to non-governmental actors is to establish immunity for negligent conduct, not establish liability for willful or wanton misconduct because, in its absence, liability for both negligence and willful or wanton misconduct would exist.

{¶8} Construing statutes with "unless" or "except" clauses similar to that in Section 4765.49, other districts have determined that the language of such statutes does not "expressly impose[ ]" liability on a political subdivision under Section 2744.02(B)(5). *Svette v. Caplinger*, 4th Dist. No. 06CA2910, 2007-Ohio-664, at ¶33 (interpreting former version of Section 4931.49(A), which provided that "[t]he state . . . is not liable in damages . . . arising from any act or omission, except willful or wanton misconduct, in connection with . . . bringing into operation a 9-1-1 system[.]"); *Messer v. Butler County Bd. of Comm'rs*, 12th Dist. Nos. CA2008-12-290, CA2009-01-004, 2009-Ohio-4462, at ¶16-19 (interpreting current version of R.C. 4931.49(B));

see also *Magda v. Greater Cleveland Reg'l Transit Auth.*, 8th Dist. No. 92570, 2009-Ohio-6219, at ¶16-21 (interpreting Section 2745.01, which provides that an employer is not liable for tortious conduct "unless the plaintiff proves that the employer committed the tortious act with the intent to injure another or with the belief that the injury was substantially certain to occur."). We agree with the City that Section 4765.49(B) does not "expressly impose[ ]" civil liability on political subdivisions under Section 2744.02(B)(5).

{¶9}    So we are left with two statutes, both of which appear to apply in this case. One that appears to provide immunity to governmental entities that provide emergency medical services for all claims related to those services and one that appears to provide immunity only to negligence claims related to those services. The Riffles have argued that Section 2744.02(A)(1) does not apply in this case because it conflicts with Section 4765.49(B). They have argued that, if two statutes apply to the same set of facts but are in conflict, the more specific statute applies, which, in this case, is Section 4765.49(B).

{¶10}    "It is a well-settled principle of statutory construction that when two statutes, one general and the other special, cover the same subject matter, the special provision is to be construed as an exception to the general statute which might otherwise apply." *State ex rel. Dublin Secs. Inc. v. Ohio Div. of Secs.*, 68 Ohio St. 3d 426, 429 (1994) (following *Acme Eng'g Co. v. Jones*, 150 Ohio St. 423, paragraph one of the syllabus (1948)). That principle is codified in Section 1.51 of the Ohio Revised Code, which provides that, "[i]f a general provision conflicts with a special or local provision, they shall be construed, if possible, so that effect is given to both. If the conflict between the provisions is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later

adoption and the manifest intent is that the general provision prevails." *State ex rel. Slagle v. Rogers*, 103 Ohio St. 3d 89, 2004-Ohio-4354, at ¶14.

{¶11} Section 2744.02(A)(1) and Section 4765.49(B) "cover the same subject matter" in that they both provide immunity to political subdivisions that provide emergency medical services. Section 4765.49(B) contains an exception for services that "are provided in a manner that constitutes willful or wanton misconduct." Section 2744.02(A)(1) does not have a similar exception. The two sections, therefore, conflict because the application of Section 2744.02(A)(1)'s broad language would render the willful or wanton misconduct exception in Section 4765.49(B) meaningless to the extent it applies to political subdivisions.

{¶12} The City has argued that Section 4765.49(B)'s willful or wanton misconduct exception is not meaningless because, unlike Section 2744.02(A)(1), Section 4765.49(B) also applies to private organizations that enter into contracts with political subdivisions to provide emergency medical services. See *Bostic v. City of Cleveland*, 8th Dist. No. 79336, 2002 WL 199906 at *2 (Jan. 31, 2002) (suggesting that Section 4765.49(B)'s "apparent purpose is, *inter alia*, to ensure the same level of immunity for [government] contractors and their employees as is granted to direct government employees and political subdivisions performing the same functions."). Just because there are circumstances under which Section 4765.49(B) applies and Section 2744.02(A)(1) does not, however, does not mean they do not "cover the same subject matter" regarding the immunity of a political subdivision that provides emergency medical services. Applying Section 2744.02(A)(1) to the facts of this case would render Section 4765.49(B), to the extent it applies to political subdivisions, meaningless.

{¶13} Under Section 1.51, the first step in resolving a conflict is to determine whether the provisions at issue are general, special, or local. *State v. Chippendale*, 52 Ohio St. 3d 118,

120 (1990). Section 2744.02(A)(1) is a general immunity statute, bestowing immunity on all the governmental functions of a political subdivision. *Swanson v. City of Columbus*, 87 Ohio App. 3d 748, 751 (1993) ("[Section] 2744.02(A) confers blanket immunity upon political subdivisions with respect to all governmental functions[.]"); R.C. 2744.01(C)(2)(a). Section 4765.49(B) is a special provision specifically addressing the immunity of "[a] political subdivision, joint ambulance district, joint emergency medical services district, or other public agency, and any officer or employee of a public agency or of a private organization operating under contract or in joint agreement with one or more political subdivisions, that provides emergency medical services, or that enters into a joint agreement or a contract . . . for the provision of emergency medical services[.]"

{¶14} "[If] two statutes, one general and the other specific, involve the same subject matter, [Section] 1.51 must be applied." *State ex rel. Dublin Secs. Inc. v. Ohio Div. of Secs.*, 68 Ohio St. 3d 426, 430 (1994). Under Section 1.51, the two sections are to be reconciled as much as possible, but if a conflict exists, "the special . . . provision prevails . . . unless the general provision is the later adoption and the manifest intent is that the general provision prevail." See *Dublin Secs.*, 68 Ohio St. 3d at 430 (quoting R.C. 1.51).

{¶15} The General Assembly first enacted a specific immunity statute regarding emergency medical personnel in 1976 at Section 4731.90 of the Ohio Revised Code. It was later moved to Section 3303.21, then to Section 4765.49, and was last amended in April 2007. Section 2744.02 was enacted in 1985 and was last amended in September 2007. Accordingly, Section 2744.02 was both enacted after and has been more recently amended than Section 4765.49.

{¶16} Under Section 1.51, however, "[a] later general provision . . . shall control over the special provision . . . only if . . . the 'manifest intent' of the General Assembly is that the general provision shall prevail." *State ex rel. Dublin Secs. Inc. v. Ohio Div. of Secs.*, 68 Ohio St. 3d 426, 430 (1994) (quoting *Cincinnati v. Thomas Soft Ice Cream Inc.*, 52 Ohio St. 2d 76, 80 (1977)); see also *State v. Chippendale*, 52 Ohio St. 3d 118, 122 (1990) ("[If] a general and a special provision cover the same conduct, the legislature may expressly mandate that such provisions are to run coextensively."). There is nothing in Section 2744.02 that expresses an intention by the General Assembly for that section to prevail over a specific section regarding the immunity of political subdivisions that provide emergency medical services. See *State ex rel. Slagle v. Rogers*, 103 Ohio St. 3d 89, 2004-Ohio-4354, at ¶15 (concluding Section 2301.24 applied instead of Section 149.43 because, even though Section 149.43 was enacted more recently, the legislature did not express its intent that Section 149.43, a general statute, should prevail over more specific statutes regarding copying costs); *State v. Conyers*, 87 Ohio St. 3d 246, 250 (1999) (resolving conflict between Section 2921.01(E) and Section 2967.15(C)(2)).

{¶17} We conclude that, in cases involving alleged willful or wanton misconduct by a first responder, EMT-basic, EMT-I, or paramedic working for a political subdivision, Section 4765.49(B) applies instead of Section 2744.02(A)(1). This conclusion is consistent with the conclusions reached by the other districts that have considered this issue. *Blair v. Columbus Div. of Fire*, 10th Dist. No. 10AP-575, 2011-Ohio-3648, at ¶28; *Johnson v. City of Cleveland*, 194 Ohio App. 3d 355, 2011-Ohio-2152, at ¶21; *Fuson v. City of Cincinnati*, 91 Ohio App. 3d 734, 738 (1993). The trial court correctly denied the City's motion for judgment on the pleadings. The City's assignment of error is overruled.

CONCLUSION

{¶18} The trial court correctly determined that Section 4765.49(B) governs whether the City has immunity regarding the Riffles' claims. The judgment of the Summit County Common Pleas Court is affirmed.

Judgment affirmed.

––––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CLAIR E. DICKINSON
FOR THE COURT

CARR, P. J.
MOORE, J.
CONCUR

APPEARANCES:

JOHN CHRISTOPHER REECE and MICHAEL J. DEFIBAUGH, Attorneys at Law, for Defendant.

AMY RULEY COMBS, Attorney at Law, for Appellees.