[Cite as *Hasselbring v. Bernard*, 2019-Ohio-2812.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| SCOTT HASSELBRING, | : | APPEAL NO. C-180367<br>TRIAL NO. A-1703837 |
| Plaintiff-Appellant, | : | |
| vs. | : | *O P I N I O N.* |
| BONNIE BERNARD, | : | |
| Defendant-Appellee. | : | |

Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  July 10, 2019

*McCaslin, Imbus and McCaslin* and *William M. Cussen*, for Plaintiff-Appellant,

*Vorys, Sater, Seymour and Pease, LLP,* and *Elizabeth E.W. Weinewuth,* for
Defendant-Appellee.

**ZAYAS, Presiding Judge**.

{¶1} Plaintiff-appellant Scott Hasselbring, appeals the May 31, 2018 judgment entry of the Hamilton County Court of Common Pleas, which granted summary judgment to his sister and defendant-appellee, Bonnie Bernard, the sole trustee of the "June Hasselbring Living Trust." For the following reasons, we affirm.

{¶2} Hasselbring and Bernard are beneficiaries of the revocable trust of their mother, June Hasselbring. Under the terms of the trust, they will each receive an equal distribution of the trust's assets upon their mother's death. Concerned about mismanagement, Hasselbring sued Bernard for a full report of the trust's assets. Hasselbring complained that he, as a beneficiary, was entitled to information pertaining to the trust property, liabilities, receipts, and disbursements. Bernard prevailed on summary judgment by arguing that as a trustee of a revocable trust she only owes a duty to report information regarding the trust to the settlor, her mother. In a single assignment of error, Hasselbring argues that trial court erred in finding that he was not entitled to the requested information.

{¶3} Appellate review of a trial court's decision granting summary judgment is de novo. *Duell v. City of Cincinnati*, 2018-Ohio-4400, 122 N.E.3d 640, ¶ 3 (1st Dist.). Under Civ.R. 56(C), summary judgment is appropriate when (1) there are no genuine issues of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) when all evidence is construed in favor of the nonmoving party, reasonable minds can come to only one conclusion, and that conclusion is adverse to the nonmoving party. *Zivich v. Mentor Soccer Club, Inc.*, 82 Ohio St.3d 367, 369-370, 696 N.E.2d 201 (1998).

{¶4} The facts of this case are not in dispute. The only dispute before us is a matter of law: whether a beneficiary of a revocable trust is entitled to information concerning the trust while the settlor of the trust is still living.

{¶5}  Trusts are governed by the Ohio Trust Code, R.C. Chapters 5801 to 5811.  R.C. 5808.13, which is entitled "Keeping beneficiaries informed - requests - required reports," generally requires trustees to keep beneficiaries of a trust informed, fulfill requests for information concerning a trust, and make required reports of the trust property.

{¶6}  R.C. 5808.13 provides, in relevant part:

(A) A trustee shall keep the current beneficiaries of the trust reasonably informed about the administration of the trust and of the material facts necessary for them to protect their interests. Unless unreasonable under the circumstances, a trustee shall promptly respond to a beneficiary's request for information related to the administration of the trust.

* * *

(C) A trustee of a trust that has a fiscal year ending on or after January 1, 2007, shall send to the current beneficiaries, and to other beneficiaries who request it, at least annually and at the termination of the trust, a report of the trust property, liabilities, receipts, and disbursements, including the source and amount of the trustee's compensation, a listing of the trust assets, and, if feasible, the trust assets' respective market values.

{¶7}  In addition, R.C. 5808.13(G) provides:

During the lifetime of the settlor of a revocable trust, whether or not the settlor has capacity to revoke the trust, the trustee's duties under this section are owed exclusively to the settlor.

{¶8}  Hasselbring argues that nothing in R.C. 5808.13 limits a beneficiary's right to receive information.  Rather, he asserts that R.C. 5808.13(A) and (C) require the trustee to provide him with information.  Alternatively, Hasselbring argues that

the broad language of subdivision (A), pertaining to keeping beneficiaries informed, controls in the event of a conflict between the limiting language of subdivision (G).

{¶9}   Bernard contends that a trustee of a *revocable* trust owes reporting duties exclusively to the living settlor, as stated under R.C. 5808.13(G)—to the exclusion of beneficiaries like Hasselbring, while a trustee of another type of trust owes additional reporting duties, as stated under R.C. 5808.13(A) through (F). Bernard also argues that to the extent there is conflict, subdivision (G) controls because a specific provision prevails over a more general provision under the Revised Code.

{¶10} R.C. 5808.13(G) distinguishes revocable trusts from other types of trusts, and makes clear that the trustee of a revocable trust has a responsibility solely to the living settlor.  Furthermore, this language is reiterated in another section of the Ohio Trust Code, R.C. 5806.03(A), which specifies control of rights of beneficiaries and the particular duties of trustees for revocable trusts and refers to R.C. 5808.13.  In *Puhl v. U.S. Bank, N.A.*, 2015-Ohio-2083, 34 N.E.3d 530 (12th Dist.), a case applying R.C. 5806.03(A) to a dispute over a revocable trust, the Twelfth District Court of Appeals interpreted "the duties of the trustee are owed exclusively to the settlor during the settlor's lifetime" to mean exactly that.  The trustee had no obligation to the beneficiaries of the trust while the settlor was still alive.  *Puhl* at ¶ 24.  This is in contrast to cases involving irrevocable trusts, where the trustee does in fact have a duty to the beneficiaries.  *See, e.g, Zimmerman v. Zirpolo Trust*, 5th Dist. Stark No. 2011CA00142, 2012-Ohio-346, ¶ 22; *In re Marjorie A. Fearn Trust*, 5th Dist. Knox No. 11-CA-16, 2012-Ohio-1029, ¶ 19-28.

{¶11} Accordingly, R.C. 5808.13(G) must be read as an exception to R.C. 5808.13(A). "It is a well-settled principle of statutory construction that when two statutes, one general and the other special, cover the same subject matter, the special provision is to be construed as an exception to the general statute which might

otherwise apply." *State ex rel. Dublin Secs. Inc. v. Ohio Div. of Secs.*, 68 Ohio St.3d 426, 429, 627 N.E.2d 993 (1994). This principle is codified in R.C. 1.51, which provides that "[i]f a general provision conflicts with a special or local provision, they shall be construed, if possible, so that effect is given to both. If the conflict between the provisions is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later adoption and the manifest intent is that the general provision prevails." *State ex rel. Slagle v. Rogers*, 103 Ohio St.3d 89, 2004-Ohio-4354, 814 N.E.2d 55, ¶ 14.

{¶12} In this instance, R.C. 5808.13(A) and 5808.13(G) "cover the same subject matter" in that they both identify the duties of a trustee. However, R.C. 5808.13(G) is specific to trusts that are revocable. For revocable trusts, the trustee's duties are owed exclusively to the settlor—as opposed to a beneficiary—while the settlor is living. R.C. 5808.13(A) is more general in that it requires trustees to inform current beneficiaries and to respond to beneficiaries' requests of the trust. Because a modifier does not precede the word "trust" in this section, trust broadly means various types of trusts. The two sections, therefore, conflict because the application of R.C. 5808.13(A)'s broad language would render the specific language of R.C. 5808.13(G) meaningless. And, there is nothing in R.C. 5808.13(A) that expresses an intention by the General Assembly for that section to prevail over the specific section regarding revocable trusts and the duties owed to the settlor. *See State ex rel. Slagle* at ¶ 15; *see also Riffle v. Physicians & Surgeons Ambulance Serv.*, 2011-Ohio-6595, 969 N.E.2d 297, ¶ 16 (9th Dist.), *aff'd sub nom., Riffle v. Physicians & Surgeons Ambulance Serv.*, Inc., 135 Ohio St.3d 357, 2013-Ohio-989, 986 N.E.2d 983, ¶ 16. Consequently, we conclude that in cases involving a trustee of a revocable trust whose settlor is still living, R.C. 5808.13(G) applies instead of R.C. 5808.13(A).

{¶13} Given the undisputed facts of this case, reasonable minds could only conclude that Bernard is entitled to summary judgment as a matter of law. Therefore, Hasselbring's sole assignment of error is overruled and the judgment of the Hamilton County Court of Common Pleas is affirmed.

Judgment affirmed.

**MYERS** and **CROUSE, JJ.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.