**John AVILA, Plaintiff-Appellant,**

v.

**The TRAVELERS INSURANCE COMPANIES, A Corporation, Defendant-Appellee.**

No. 80–5154.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 7, 1981.

Decided July 20, 1981.

---

**3.** *See* footnote 2, *supra.*

Avrum S. Harris, Encino, Cal., for plaintiff-appellant.

Thomas A. Kearney, Los Angeles, Cal., argued, for defendant-appellee; Gregory D. Bristline, Los Angeles, Cal., A. Tod Hindin, Beverly Hills Cal., on brief.

Before ELY and REINHARDT, Circuit Judges, and PATEL,* District Judge.

ELY, Circuit Judge:

Avila appeals from a published MEMORANDUM OF DECISION & ORDER, *Avi-la v. Travelers Ins. Companies*, 481 F.Supp. 431 (C.D.Cal.1979), dismissing by summary judgment his suit alleging that travelers committed unfair settlement practices in violation of California Insurance Code § 790.03(h)(3) and (h)(5).[1] The suit is based upon and seeks to apply retroactively the recent holding of *Royal Globe Insurance Company v. Superior Court*, 23 Cal.3d 880, 153 Cal.Rptr. 842, 592 P.2d 329 (1979), which held that third party claimants can bring a cause of action against an insured's insurance company for statutory violations of Cal.Ins. Code § 790.03(h)(5) and (h)(14). The conduct complained of here occurred prior to the *Royal Globe* decision. The underlying lawsuit was settled for $50,000 in April 1979, approximately three years after commencement of the wrongful death suit and two years after Avila contends liability became reasonably clear. The facts pertaining to the chronology of presettlement negotiations are set forth in the District Court opinion. 481 F.Supp. at ˙433–34.

The District Court granted summary judgment on the following grounds: (1) third party claimants do not have standing to bring a cause of action based on violations of Cal.Ins. Code § 790.03(h)(3), as the statutory duty runs only to insureds; (2) the decision in *Royal Globe*, recognizing for the first time a third party claimant's private right of action for a bad-faith failure to settle, should not apply retroactively; and (3) even assuming *arguendo* that *Royal Globe* and the (h)(5) cause of action apply retroactively, Avila did not raise any genuine triable issue of material fact as to Travelers' bad faith in failing to settle his claim.

We affirm the judgment on the basis that Avila did not raise triable issues of material fact sufficient to support his action for al-

---

* The Honorable Marilyn H. Patel, United States District Judge, Northern District of California, sitting by designation.

1. Section 709.03 provides in part:
    "The following are hereby defined as unfair methods of competition and unfair and deceptive acts or practices in the business of insurance.
    " . . .
    "(h) Knowingly committing or performing with such frequency as to indicate a general business practice any of the following unfair claims settlement practices:
    " . . .
    "(3) Failing to adopt and implement reasonable standards for the prompt investigation and processing of claims arising under insurance policies.
    " . . .
    "(5) Not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims is which liability has become reasonably clear.

leged violations of either subsection. We respect the efforts of the district judge evidenced by his analysis of grounds one and two, but we find it unnecessary to either approve or disapprove the reasoning and results evinced therein. As a federal court we are hesitant to express our construction of a novel question of state law when it is not necessary to do so.

With respect to the § 790.03(h)(5) cause of action, Avila did not make an adequate showing of the existence of triable issues of material fact as to Travelers' bad faith in failing to settle earlier his claim.

▮ Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment is appropriate when "there is no genuine issue as to any material fact and [where] the moving party is entitled to judgment as a matter of law." The moving party has the burden of establishing that there is no genuine issue of material fact. *British Airways Board v. The Boeing Company*, 585 F.2d 946, 951 (9th Cir.1978), *cert. denied*, 440 U.S. 981, 99 S.Ct. 1790, 60 L.Ed.2d 241 (1979) (citing cases). Once, however, this burden is met by presenting evidence which, if uncontradicted, would entitle the moving party to a directed verdict at trial, Rule 56(e) shifts the burden to the opposing party to "set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

▮ Avila largely contends that he was unable adequately to support with specific facts his allegations of bad-faith delay, by deposition testimony or otherwise, due to the timing of the summary judgment motion. He credits a "brilliant tactical move" by Travelers in quickly bringing a summary judgment motion, and he claims that he was unable to do more than merely infer issues of reasonableness and bad faith. He argues that such issues should have been resolved against appellee, as the maker of the motion, at least until sufficient time for discovery had elapsed "to allow [appellant] to present to the trial court sufficient evidence to substantiate its opposition to [appellee's] motion."

This argument might have merit, if it were raised in the District Court at the time the motion was pending. It wasn't. Avila did not meet the requirements of Fed.R.Civ.P. 56(f),[2] which authorizes a court in appropriate cases to refuse to enter summary judgment when a party opposing the motion states reasons explaining a current inability to present by affidavit facts essential to justify his opposition. The affidavit of attorney Friedman—Avila's counsel in the underlying litigation—which was the only evidence submitted in opposition to the summary judgment motion, clearly did not set forth the arguments made on appeal here, and which are necessary to Rule 56(f) consideration.

▮ A contention by an opposing party that he had insufficient time in which to present specific facts in opposition to the motion normally cannot be successfully made for the first time on appeal. 6 Moore's Federal practice ¶ 56.24, at 56–1439 (1980). Avila did not begin to make his Rule 56(f) arguments until after judgment was entered below. In *British Airways Board, supra*, our Court was faced with a similar inadequate discovery time argument and stated: "The [plaintiff] can hardly argue at this late date that the district court abused its discretion in ruling on the summary judgment motion in light of the fact that [plaintiff] itself failed to pursue the procedural remedy which the Federal Rules so clearly provided." *Id.* at 954. "[I]t should have filed a Rule 56(f) motion rather than have waited until well after the district court rendered its decision before raising the issue for the first time." *Id.* at 955. We agree.

▮ Summary judgment is also proper with respect to the § 790.03(h)(3) claim.

---

2. Rule 56(f) provides:

> Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present affidavit facts essential to justify his opposition the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

The Friedman affidavit did not set forth any facts indicating that a violation of this subsection may have occurred. Although the District Court granted defendant's motion to dismiss this claim on the theory that the statutory duty did not run to third parties, the record is clear that summary judgment would properly have been granted for failure to raise triable issues of material fact.[3] We affirm on this latter ground. It is needless to put our imprimatur on emerging and as yet unsettled questions of California tort law.[4]

AFFIRMED.

3. The motions filed by the defendant were, respectively, for judgment on the pleadings, or in the alternative for summary judgment.

4. Though not affirming on the explicit basis stated by the district judge, we are free to affirm the judgment on any ground clearly presented in the record. *Davis v. United States*, 589 F.2d 446, 448 (9th Cir.1979); *Grosz v. Andrus*, 556 F.2d 972, 974 n.3 (9th Cir.1977).