106 F.3d 407
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
ECTEL CORP, a California corporation, Plaintiff,
and
Robert WELCH; Dan Seale, Plaintiffs-Appellants,
v.
U.S. ROBOTICS, INC., a Delaware corporation; Casey Cowell;
Jon Zakin; John McCartney, Defendants-Appellees.
 No. 95-16732.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 12, 1996.
Decided Dec. 24, 1996.
 
 Before: BOOCHEVER, REINHARDT, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Robert Welch and Dan Seale appeal the district court's grant of summary judgment, and its denial of plaintiffs' motion for reconsideration, dismissing their claims against U.S. Robotics, Inc. ("USR") concerning an alleged oral employment agreement and allegations of fraud. The district court had jurisdiction under 28 U.S.C. § 1332. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 * Welch and Seale contend that they entered into an oral employment contract with USR during March 1991 meetings in Illinois and that the district court erred in granting summary judgment for USR. However, there was no evidence presented in opposition to the motion for summary judgment of any agreement for employment that was not contingent upon USR's exercising a proposed option to acquire Ectel stock. Consequently, the district court properly granted summary judgment.[1]
 
 II
 
 4
 Welch and Seale also contend that the district court erred in granting summary judgment on their fraud claims. We disagree.
 
 
 5
 Under California law, both reasonable reliance and resulting damages are essential elements of fraud. See Williams v. Wraxall, 39 Cal.Rptr.2d 658, 664 n. 9 (Ct.App.1995). In opposing summary judgment, Welch and Seale bore the burden of submitting proof of reliance and damages. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). They point to no evidence of any change of position in reliance on any USR representation. Their argument that reliance in their case led to inaction, rather than to action, is unavailing in the absence of any evidence that either suffered harm as a direct result of USR's representations. Summary judgment was therefore appropriately entered on the fraud, promissory estoppel and misrepresentation theories.
 
 III
 
 6
 For the first time on appeal, Welch and Seale argue that it would be fundamentally unfair to affirm the district court's grant of summary judgment without giving them leave to depose three USR executives. We cannot agree.
 
 
 7
 Welch and Seale did not file a Rule 56(f) affidavit requesting time to pursue additional discovery in order to oppose summary judgment. See Avila v. Traveler's Ins. Co., 651 F.2d 658, 660 (9th Cir.1981) (noting that discovery requests normally cannot be made successfully for the first time on appeal). Nor was there any outstanding discovery request at the time summary judgment was granted that might be considered a de facto Rule 56(f) request. Cf. Garrett v. City & County of San Francisco, 818 F.2d 1515, 1518-19 (9th Cir.1987). Consequently, we deny plaintiffs' request on appeal for leave to conduct additional discovery.
 
 
 8
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Welch and Seale fault the district court's failure to reconsider its summary judgment ruling in light of a declaration Welch submitted in connection with the motion for reconsideration, indicating that USR representatives, and particularly Jon Zakin, assured Welch that he would be employed regardless of whether USR acquired Ectel. Welch's declaration also indicates that USR agreed, through oral assurances by Zakin, Cowell, and McCartney at the March 1991 Chicago meetings, that Welch and Seale would both be hired "immediately." However, nothing in the record suggests that this evidence of an unconditional employment agreement was newly discovered or that it could not have been discovered through reasonable diligence in opposition to USR's motion for summary judgment. As there was no legal error, the district court did not err in denying their motion to reconsider