127 F.3d 1105
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Tracy GILL, Plaintiff-Appellant,
v.
Bradley HEATH, Defendant-Appellee.
 No. 97-35070.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 20, 1997.**
Decided Oct. 27, 1997.
 
 Appeal from the United States District Court for the District of Oregon Michael R. Hogan, Chief Judge, Presiding
 Before THOMPSON, T.G. NELSON and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Tracy Lee Gill appeals pro se the district court's summary judgment for defendant Bradley Heath in Gill's 42 U.S.C. § 1983 action alleging that a prison search violated his constitutional rights. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, see Barnett v. Centoni, 31 F.3d 813, 815 (9th Cir.1994) (per curiam) and we affirm.
 
 
 3
 Because Gill failed to submit any evidence showing that Heath knowingly disregarded an excessive risk to Gill's health or safety by requiring Gill to place his own fingers in his mouth during an oral cavity search, the district court properly granted summary judgment for Heath on this claim. See Farmer v. Brennan, 511 U.S. 825, 837 (1994).
 
 
 4
 Because Gill failed to establish that he had a clearly established constitutional right not to be briefly and partially viewed in the nude by female correctional officers, Heath was entitled to qualified immunity on this claim. See Camarillo v. McCarthy, 998 F.2d 638, 639-40 (9th Cir.1993); see also Thompson v. Souza, 111 F.3d 694, 701 (9th Cir.1997). Accordingly, the district court did not err by granting summary judgment for Heath on this claim.
 
 
 5
 Because Gill failed to request a continuance under Fed.R.Civ.P. 56(f), we decline to consider his contention, raised for the first time on appeal, that the district court erred by granting summary judgment before he completed discovery. See Fed. R. Civ P. 56(f); Avila v. Traveler's Ins. Co., 651 F.2d 658, 660 (9th Cir.1981) (stating that "[a] contention by an opposing party that he had insufficient time in which to present specific facts in opposition to the motion normally cannot be successfully raised for the first time on appeal").
 
 
 6
 The district court did not abuse its discretion by denying Gill's motion for default. See Hawaii Carpenters' Trust Funds v. Stone, 794 F.2d 508, 511-512 (9th Cir.1986).
 
 AFFIRMED.[1]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Insofar as Gill raises a Fourteenth Amendment due process claim, we conclude that he has not suffered an atypical and significant deprivation giving rise to a liberty interest. See Sandin v. Conner, 515 U.S. 472, 483 (1995)