### Elehue Kawika FREEMON, Plaintiff–Appellant,

v.

### U.S. DEPARTMENT OF AGRICULTURE; et al., Defendants–Appellees.

No. 05–56494.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 13, 2007.*

Filed Aug. 24, 2007.

Elehue Kawika Freemon, Big Bear City, CA, pro se.

Thomas K. Buck, Esq., USLA–Office of the U.S. Attorney Civil & Tax Divisions,

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Sherida A. Stroble, Esq., Wilson Elser, et al, Steven R. Parminter, Esq., Mona R. Patel, Esq., Wilson Elser Moskowitz Eldelman & Dicker LLP, Thomas K. Buck, Esq., Los Angeles, CA, for Defendants–Appellees.

Before: KLEINFELD, SILVERMAN, and M. SMITH, Circuit Judges.

### MEMORANDUM **

Elehue Kawika Freemon appeals pro se from the district court's summary judgment in his civil rights action alleging race discrimination and state law claims in connection with an incident at Snow Summit, Inc. ski resort. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for an abuse of discretion the district court's order denying a motion to compel discovery, *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir.2002), and we affirm.

Freemon does not challenge the district court's summary judgment ruling. *See Indep. Towers of Washington v. Washington*, 350 F.3d 925, 929 (9th Cir.2003) (explaining that issues not argued on appeal are deemed abandoned) (citation omitted); *see also Pierce v. Multnomah County*, 76 F.3d 1032, 1037 n. 3 (9th Cir.1996) (applying rule to pro se litigants).

The district court did not abuse its discretion in denying Freemon's motion to compel additional discovery responses from Snow Summit, Inc. because Freemon's discovery requests were ambiguous and burdensome. *See Hallett*, 296 F.3d at

---

** This disposition is not appropriate for publication and is not precedent except as provid-

751 (district court is vested with "broad discretion" to deny discovery).

Further, we do not consider Freemon's contention that he had inadequate time to conduct discovery in accordance with Federal Rule of Civil Procedure 56(f) because Freemon did not raise the issue in the district court. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir.1999) (noting that, in general, this court will not consider arguments advanced for the first time on appeal); *see also Avila v. Travelers Ins. Co.*, 651 F.2d 658, 660 (9th Cir.1981) (explaining that "[a] contention by an opposing party that he had insufficient time in which to present specific facts in opposition to the [summary judgment] motion normally cannot be successfully made for the first time on appeal.").

We deny Freemon's motion to accept his late reply brief, and we deny Freemon's motion to strike Snow Summit's answering brief.

Freemon's remaining contentions lack merit.

**AFFIRMED.**