NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DORIS MILLER, | No. 08-56088 |
| Plaintiff - Appellant, | D.C. No. 2:07-cv-04587-GW-AJW |
| v. | |
| THE REGIS CORPORATION; et al., | MEMORANDUM * |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Argued and Submitted November 6, 2009
Pasadena, California

Before: BRIGHT,** BYBEE, and M. SMITH, Circuit Judges.

Plaintiff-Appellant Doris Miller appeals the district court's grant of

summary judgment in favor of Defendants-Appellees Regis Corporation and

Supercuts Corporate Shops, Inc. (erroneously sued as Supercuts Corporate Stores,

---

 * This disposition is not appropriate for publication and is not precedent
except as provided by 9TH CIR. R. 36-3.

 ** The Honorable Myron H. Bright, Senior United States Circuit Judge
for the Eighth Circuit, sitting by designation.

Inc.). As the facts and procedural history are familiar to the parties, we do not recite them here except as necessary to explain our decision. This court has jurisdiction under 28 U.S.C. § 1291. We review the district court's application of its local rules for an abuse of discretion, *Prof'l Programs Group v. Dep't of Commerce*, 29 F.3d 1349, 1353 (9th Cir. 1994), and we review de novo the grant of summary judgment, *Leever v. Carson City*, 360 F.3d 1014, 1017 (9th Cir. 2004). We affirm.

Plaintiff did not timely object to the district court's ruling accepting Defendants' statement of material facts as admitted. As a result, Plaintiff has waived her right to appeal that ruling. *See Bias v. Moynihan*, 508 F.3d 1212, 1224 (9th Cir. 2007) (ruling that plaintiff waived her right to appeal district court's admission of evidence on summary judgment). Nevertheless, because Plaintiff failed to controvert Defendants' statement of material facts by filing her own statement of genuine issues, a declaration, or other written evidence, the district court properly exercised its discretion under its local rules in deeming Defendants' statement of material facts "admitted to exist without controversy." C.D. CAL. R. 56-3. *See also United States v. Warren*, 601 F.2d 471, 474 (9th Cir. 1979) (per curiam) ("Only in rare cases will we question the exercise of discretion in connection with the application of local rules.").

The district court did not err in granting summary judgment to Defendants. Plaintiff argues that Defendants' compensation system violates California law because it calculates employee overtime compensation by using a "regular rate of pay" based on a 15-day pay period, rather than a single workweek. Because Defendants moved for summary judgment, they had the initial burden of showing the absence of a genuine issue of material fact as to whether their method of calculating the regular rate of pay complies with California law. *See Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991). Defendants carried their burden, submitting multiple declarations from their Director of Payroll explaining in detail how the challenged compensation system complies with state law.

As a result, the burden shifted to Plaintiff. *Bhan*, 929 F.2d at 1409. To carry her burden, Plaintiff was required to "produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists" as to whether Defendants' method of calculating the regular rate of pay violates California law. *Id*. (citing FED. R. CIV. P. 56(e)). In opposition to Defendants' motion for summary judgment, Plaintiff submitted only unauthenticated copies of a few pay stubs. But those pay stubs, standing alone, do not reveal how Defendants' method of calculating the regular rate of pay violates California law. Plaintiff has also

presented a host of mathematical calculations, but has not substantiated those figures with a declaration or affidavit from an expert witness.

Whether an employer's method of calculating an employee's regular rate of pay on a 15-day pay period complies with California law might present a valid legal question in a case where evidence proves that such a method actually results in unpaid overtime pay. Nonetheless, in light of Plaintiff's failure to create a genuine issue of material fact as to whether Defendants failed to pay her overtime compensation in accordance with California law, we need not reach that question here. *See Avila v. Travelers Ins. Co.*, 651 F.2d 658, 660 (9th Cir. 1981) ("As a federal court we are hesitant to express our construction of a novel question of state law when it is not necessary to do so.").

**AFFIRMED**.