[Cite as *State ex rel. Ulery v. Capper*, 2012-Ohio-147.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

STATE OF OHIO, ex rel., JEFFREY S. ULERY,

      Relator,

v.

JUDGE THOMAS CAPPER, et al.,

      Respondents.

Appellate Case No. 2010-CA-97

**DECISION AND FINAL JUDGMENT ENTRY**
January    12   , 2012

PER CURIAM:

{¶ 1}  This matter is before the court on Respondents' motion for summary judgment, with combined memorandum in support of motion and memorandum in opposition to Relator's motion for summary judgment, filed October 28, 2011, and Relator's motion for summary judgment, with combined memorandum in support of motion and memorandum in opposition to Respondents' motion for summary judgment, filed November 28, 2011.

{¶ 2}  This action began on September 29, 2010, when Relator, Jeffrey S. Ulery, filed a petition for a writ of mandamus.  Ulery sought an order from this Court compelling Respondents, Judge Thomas Capper of the Clark County Common Pleas Court, Domestic Relations Division; Ronald E. Vincent, the Clark County Clerk of Courts; and Clark County Registered Court Reporters, to provide Ulery with instructions

on how to obtain transcripts of proceedings in Clark County Common Pleas Court, Domestic Relations Division, Case No. 08-DR-437, including the proper way to make financial arrangements. Ulery argued that he needed these transcripts to effectively pursue his appeal, Clark App. No. 09-CA-12.

{¶ 3} On January 26, 2011, Respondents filed an answer, asserting therein that Ulery had been notified regarding the costs and procedure for obtaining the subject transcripts by letter dated January 25, 2011. This Court granted summary judgment in favor of Respondents on this issue on March 24, 2011. At that time, the court delayed its ruling on a separate issue regarding statutory damages under R.C. 149.43(C)(1).

{¶ 4} Ulery moved for leave to amend his petition on April 11, 2011, which this Court permitted. Under Count One of the amended petition, Ulery alleges that he is entitled to statutory damages in the amount of $3000.00 for Respondents' failure to provide transcripts of hearings held June 5, 2008, August 15, 2008, and January 6, 2009 in case no. 08-DR-437. We note that Ulery had received a copy of the January 6, 2009 hearing transcript by the time he filed his amended petition, but he argues that it was not provided within a "reasonable time" under R.C. 149.43. He also claims that he requested audiotape backups of each hearing on March 11, 2011.

{¶ 5} Under Count Two, Ulery alleges that he is entitled to damages for the destruction of public records, pursuant to R.C. 149.351, on account of Respondents' failure to provide the transcripts requested. He further seeks reasonable attorney fees.

{¶ 6} To be entitled to a writ of mandamus, Ulery must demonstrate " '(1) that he has a clear legal right to the relief prayed for, (2) that respondents are under a clear legal duty to perform the acts, and (3) that [Ulery] has no plain and adequate remedy in

the ordinary course of the law.' " *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28, 29 (1983), quoting *State ex rel. Harris v. Rhodes*, 54 Ohio St.2d 41, 42 (1978); *State ex rel. Heller v. Miller*, 61 Ohio St.2d 6 (1980), paragraph one of the syllabus; *State ex rel. Westchester v. Bacon*, 61 Ohio St.2d 42 (1980), paragraph one of the syllabus.

{¶ 7}  The parties have moved for summary judgment.  "Summary judgment pursuant to Civ.R. 56 should be granted only if no genuine issue of fact exists, the moving party is entitled to judgment as a matter of law, and reasonable minds can come to but one conclusion, which conclusion is adverse to the nonmoving party. When considering a motion for summary judgment, the evidence must be construed in favor of the nonmoving party."  *State ex rel. Shelly Materials v. Clark Cty. Bd. of Commrs.*, 2nd Dist. Clark No. 2003-CA-72, 2005-Ohio-6682, ¶ 5, quoting *Wheelbarger v. Dayton Bd. of Edn.*, 2nd Dist. Montgomery No. 20272, 2004-Ohio-4367, ¶ 8.

## R.C. 149.351

{¶ 8}  In his motion for summary judgment, with combined memorandum in support of motion and memorandum in opposition to Respondents' motion for summary judgment, filed November 28, 2011, Ulery states that he is no longer pursuing his claim under Count Two of the petition for damages pursuant to R.C. 149.351.  He further asserts that he no longer seeks attorney fees under R.C. 149.43(C) or 149.351. Nevertheless, this Court finds Ulery's claims under R.C. 149.351 to be without merit. That section states specifically that any person aggrieved by the destruction of a public record may commence an action for injunctive relief or to recover a forfeiture in the amount of one thousand dollars for each violation, including attorney fees, in the court

of common pleas of the county in which the violation occurred. R.C. 149.351(B). Ulery's claims for attorney fees and damages are not properly before this Court via the present mandamus action. Accordingly, Respondents are entitled to judgment.

R.C. 149.43

{¶ 9} Ulery claims he is entitled to damages under R.C. 143.49(C) in the amount of $3000.00 because Respondents failed to provide transcripts of hearings held June 5, 2008, August 15, 2008, and January 6, 2009 in Clark County Common Pleas Court, Domestic Relations Division, Case No. 08-DR-437 within a "reasonable time" from his purported public records request. He also seeks $300.00 in court costs.

{¶ 10} R.C. 149.43(C)(1) states:

"If a person allegedly is aggrieved by the failure of a public office or the person responsible for public records to promptly prepare a public record and to make it available to the person for inspection in accordance with division (B) of this section or by any other failure of a public office or the person responsible for public records to comply with an obligation in accordance with division (B) of this section, the person allegedly aggrieved may commence a mandamus action to obtain a judgment that orders the public office or the person responsible for the public record to comply with division (B) of this section, that awards court costs and reasonable attorney's fees to the person that instituted the mandamus action, and, if applicable, that includes an order fixing statutory damages under division (C)(1) of this section. The mandamus action may be commenced in the court of common pleas of the county in which division

(B) of this section allegedly was not complied with, in the supreme court pursuant to its original jurisdiction under Section 2 of Article IV, Ohio Constitution, or in the court of appeals for the appellate district in which division (B) of this section allegedly was not complied with pursuant to its original jurisdiction under Section 3 of Article IV, Ohio Constitution.

"If a requestor transmits a written request by hand delivery or certified mail to inspect or receive copies of any public record in a manner that fairly describes the public record or class of public records to the public office or person responsible for the requested public records, except as otherwise provided in this section, the requestor shall be entitled to recover the amount of statutory damages set forth in this division if a court determines that the public office or the person responsible for public records failed to comply with an obligation in accordance with division (B) of this section.

"The amount of statutory damages shall be fixed at one hundred dollars for each business day during which the public office or person responsible for the requested public records failed to comply with an obligation in accordance with division (B) of this section, beginning with the day on which the requester files a mandamus action to recover statutory damages, up to a maximum of one thousand dollars. The award of statutory damages shall not be construed as a penalty, but as compensation for injury arising from lost use of the requested information. The existence of this injury shall be conclusively presumed. The award

of statutory damages shall be in addition to all other remedies authorized by this section."

{¶ 11} A court of common pleas is authorized by R.C. 2301.18 and 2301.19 to appoint shorthand reporters, who are charged by R.C. 2301.20 to "take accurate shorthand notes of the oral testimony or other oral proceedings." R.C. 2301.22 provides that the "shorthand reporter shall receive such compensation as the court of common pleas making the appointment fixes." If a party to the litigation or the court seeks "transcripts of any portion of such notes in longhand, the shorthand reporter reporting the case shall make full and accurate transcripts of the notes for the use of such court or party." R.C. 2301.23. Compensation for that task that the court has established pursuant to R.C. 2301.23 "shall be paid forthwith by the party for whose benefit the transcript is made." R.C. 2301.24.

{¶ 12} The evidence shows that Ulery requested preparation of transcripts of the proceedings in case no. 08-DR-437 in order to procure the record for appeal in Clark App. No. 09-CA-12. See App.R. 9(B) ("It is the obligation of the appellant to ensure that the proceedings the appellant considers necessary for inclusion in the record * * * are transcribed in a form that meets the specifications of App.R. 9(B)(6)"). By letter dated January 25, 2011, Respondents informed Ulery regarding the costs and procedure for obtaining these transcripts. As to Ulery's claim for a writ of mandamus ordering Respondents to provide this information, we granted judgment in favor of Respondents on March 24, 2011. Transcripts which have been prepared pursuant to R.C. 2301.23 are public records for purposes of R.C. 149.43. See 2002 Ohio Atty.Gen.Ops. No. 2002-014. However, R.C. 149.43 cannot apply to transcripts not

prepared, because no such "public records" then exist. *State ex rel. Moore v. Brown*, 2nd Dist. Montgomery No. 16831, 1997 WL 669902 (Dec. 19, 1997).

{¶ 13} The evidence further shows that Respondents received a "Request for Transcripts of Proceedings," accompanied by a check in the amount of $375.00, from Ulery on March 9, 2011. A copy of the January 6, 2009 transcript was mailed to Ulery on March 9, 2011. A copy of the June 5, 2008 transcript was mailed to Ulery on April 13, 2011. No transcript of the scheduled August 15, 2008 proceedings exists as the objection hearing on that date did not take place on the record.

{¶ 14} The mandamus action authorized by R.C. 149.43(C)(1) is for the failure of a public office or officer to comply with R.C. 149.43(B). That section provides that "upon request, a person responsible for public records shall make copies available at cost, within a reasonable period of time." Following receipt of Ulery's payment on March 9, 2011, a copy of one transcript was mailed to Ulery on that same date. The other copy was mailed to Ulery a little more than one month later. Ulery does not claim that he was prejudiced by any delay those mailings involved. Reasonable minds could only find that Respondents did not fail to comply with R.C. 149.43(C)(1). Therefore, Ulery is not entitled to mandamus relief or damages pursuant to that section.

{¶ 15} Ulery made another public records request on March 31, 2011 when he ordered the audiotape backups of the hearings held on June 5, 2008, August 15, 2008, and January 6, 2009. When a party seeks a copy of an audiotape of court proceedings, he or she is entitled to that copy under R.C. 149.43(B). *State ex rel. Slagle v. Rogers*, 103 Ohio St.3d 89, 2004-Ohio-4354, ¶ 17. The evidence shows that on April 13, 2011, CD's containing the copies of the audio recordings of hearings held

on June 5, 2008, July 14, 2008, and January 6, 2009 were mailed to Ulery by Respondent Judge Capper. No audiotape recording exists from the hearing on August 15, 2008. Again, reasonable minds could only find that Ulery's requests were granted within a reasonable time.

{¶ 16} For the reasons stated above, Respondents' motion for summary judgment, with combined memorandum in support of motion and memorandum in opposition to Relator's motion for summary judgment, filed October 28, 2011, is GRANTED. Relator's motion for summary judgment, with combined memorandum in support of motion and memorandum in opposition to Respondents' motion for summary judgment, filed November 28, 2011, is OVERRULED. The petition for a writ of mandamus is DENIED.

SO ORDERED.

THOMAS J. GRADY, Presiding Judge

MARY E. DONOVAN, Judge

JEFFREY E. FROELICH, Judge

To The Clerk: Within three (3) days of entering this judgment on the journal, you are directed to serve on all parties not in default for failure to appear notice of the judgment and the date of its entry upon the journal, pursuant to Civ.R. 58(B).

_____

THOMAS J. GRADY, Presiding Judge

Copies mailed to:

Andrew Pickering
50 E. Columbia Street
P.O. Box 1608
Springfield, Ohio 45501

CA3/JN

Jeffrey Ulery, #596-154
P.O. Box 5500
Chillicothe, Ohio 45601