[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Newsome v. Hack,* Slip Opinion No. 2020-Ohio-336.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-336

THE STATE EX REL. NEWSOME *v.* HACK ET AL.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Newsome v. Hack,* Slip Opinion No. 2020-Ohio-336.]

*Mandamus—Relator has shown clear legal right to purchase copy of transcript of his sentencing hearing, corresponding clear legal duty of county court reporter to inform him of transcript fee, and lack of an adequate remedy at law—Writ ordering county court reporter's office to inform relator of transcript fee granted.*

(No. 2019-0457—Submitted October 22, 2019—Decided February 5, 2020.)

IN MANDAMUS.

_____

**Per Curiam.**

{¶ 1} This is an original action filed by relator, Jeffrey Newsome, seeking a writ of mandamus to compel respondent Karla Hack, the former Marion County Court Reporter, to inform him of the fee for a copy of the transcript of his 2009

sentencing hearing. Newsome has moved to add the Marion County Court Reporter's Office and the current Marion County Court Reporter as respondents. For the following reasons, we grant Newsome's motion and his request for a writ of mandamus.

**Background**

{¶ 2} Newsome is an inmate in the custody of the Ohio Department of Rehabilitation and Correction. In May 2017, Newsome's nephew, Jack Newsome Jr., attempted to purchase a copy of Newsome's sentencing transcript. According to Jack Newsome's affidavit, at that time, he "was informed that the Court Reporter, Joanie Hoffman could not find" the digital copy of the transcript.

{¶ 3} In June 2017, Jeffrey Newsome filed a motion to compel the court reporter to produce a copy of the sentencing transcript. On December 14, 2017, the trial court entered a judgment stating that although the original audio recording of the sentencing hearing could not be located, "a transcript of the sentencing hearing does exist, and is available from Court Reporter Karla Hack upon payment of transcript fees to the Court Reporter by [Newsome]."

{¶ 4} In March 2019, Newsome filed in this court a complaint for a writ of mandamus arguing that he has a clear legal right to purchase a copy of the sentencing transcript. On June 5, 2019, this court granted Newsome an alternative writ. 156 Ohio St.3d 1403, 2019-Ohio-2156, 123 N.E.3d 1026.

{¶ 5} On July 17, 2019, Newsome filed a motion to add the Marion County Court Reporter's Office and the current Marion County Court Reporter as respondents in this action. Newsome's motion states that in June 2019, he learned that Hack retired from the court eight years ago and that he has been unable to determine who the current court reporter is. Newsome has not yet ascertained the transcript fee or received a copy of the transcript.

**Legal Analysis**

{¶ 6} To be entitled to a writ of mandamus, Newsome must show a clear legal right to purchase a copy of his sentencing transcript, a corresponding clear legal duty of the Marion County court reporter to inform him of the transcript fee, and the lack of an adequate remedy at law. *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 6.

{¶ 7} R.C. 2301.23 provides that "[w]hen notes have been taken or an electronic recording has been made in a case * * *, if the court or either party to the suit requests written transcripts of any portion of the proceeding, the reporter reporting the case shall make full and accurate transcripts of the notes or electronic recording." Transcripts prepared under R.C. 2301.23 are public records for purposes of Ohio's Public Records Act, R.C. 149.43. *State ex rel. Ulery v. Capper*, 2d Dist. Clark No. 2010-CA-97, 2012-Ohio-147, ¶ 12, citing 2002 Ohio Atty.Gen.Ops. No. 2002-014. But when a party to a case "requests copies of a court transcript of the proceedings in that action, R.C. 149.43 is superseded by R.C. 2301.24, and the party must pay the official court reporter the fees designated by the court pursuant to [R.C. 2301.24]." *State ex rel. Slagle v. Rogers*, 103 Ohio St.3d 89, 2004-Ohio-4354, 814 N.E.2d 55, ¶ 18.

{¶ 8} Newsome has established that he has a clear legal right to purchase a copy of his sentencing transcript. Neither an answer to Newsome's complaint nor a brief in response to his merit brief has been filed in this case, but the trial court's December 2017 order indicates that a transcript has been prepared and exists. Therefore, the current court reporter has a clear legal duty to locate the transcript and to inform Newsome of the fee for a copy of it.

{¶ 9} Newsome has also established that he lacks an adequate remedy in the ordinary course of the law. The trial court effectively *granted* Newsome's motion to compel the court reporter to produce a copy of the sentencing transcript. " 'Appeal lies only on behalf of a party aggrieved by the final order appealed from.

Appeals are not allowed for the purpose of settling abstract questions, but only to correct errors injuriously affecting the appellant.' " *State ex rel. Gabriel v. Youngstown*, 75 Ohio St.3d 618, 619, 665 N.E.2d 209 (1996), quoting *Ohio Contract Carriers Assn. v. Pub. Util. Comm.*, 140 Ohio St. 160, 42 N.E.2d 758, syllabus.

{¶ 10} Therefore, because Newsome has established all three requirements necessary to obtain a writ of mandamus, we grant the writ.

{¶ 11} We also grant Newsome's unopposed motion to add the Marion County Reporter's Office and the current Marion County Court Reporter as parties to this action. In original actions, the addition of parties is governed by the Rules of Civil Procedure. S.Ct.Prac.R. 4.06(A)(1). Civ.R. 21 provides for the addition of parties "by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." Newsome filed his motion after he learned that Hack is no longer employed as the Marion County Court Reporter. Because Hack is no longer employed in that capacity, we find that it is appropriate to add the Marion County Court Reporter's Office and the current Marion County Court Reporter as respondents so that our judgment granting Newsome a writ of mandamus is directed at the individual with the ability to execute it.

{¶ 12} We therefore order the Marion County Court Reporter's Office and the current Marion County Court Reporter to inform Newsome of the transcript fee.

Writ granted.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

_____

Jeffrey Newsome, pro se.

_____