**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 7 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RICHARD R. VALENTINE, | No.    18-56337 |
| Plaintiff-Appellant, | D.C. No. 3:16-cv-02357-W-KSC |
| v. | |
| CHAD F. WOLF, Acting Secretary, Department of Homeland Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Thomas J. Whelan, District Judge, Presiding

Submitted February 5, 2020**
Pasadena, California

Before:  THOMAS, Chief Judge, and WARDLAW and NGUYEN, Circuit Judges.

Richard Valentine appeals the district court's orders granting the

government summary judgment on his employment discrimination claim and

denying his request to extend the time to complete a deposition.  We have

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. Reviewing de novo, *see Stevens v. CoreLogic, Inc.*, 899 F.3d 666, 672, 677 (9th Cir. 2018), *cert. denied*, 139 S. Ct. 1222 (2019), we affirm.

1.    At the first step of the *McDonnell Douglas* burden-shifting framework used to evaluate a discriminatory termination claim under Title VII, the plaintiff must make out a prima facie case, which he can do "by offering proof that: (1) he belongs to a protected class; (2) he was performing his job satisfactorily; (3) he suffered an adverse employment action; and (4) his employer treated him differently than a similarly situated employee who does not belong to the same protected class." *Weil v. Citizens Telecom Servs. Co.*, 922 F.3d 993, 1003 (9th Cir. 2019). The government concedes that Valentine, who is Caucasian American, belongs to a protected class, and we conclude that Valentine sufficiently supported an inference that he was performing his internship satisfactorily and suffered an adverse employment action.

We agree with the district court, however, that Valentine failed to support an inference that a similarly situated intern outside his protected class was treated differently. Valentine asserted that he and several other agriculture specialists performed insufficient inspections in early 2009, and while all of them were counseled about this mistake, he alone received a record of the counseling in his employment file. But his second line supervisor, Rosalinda Maizuss, testified in

her deposition that she placed a record of the counseling in each employee's file. Her one-word response to an ambiguous and compound question later in the deposition did not support an inference that she was recanting her earlier testimony.

2.      Valentine makes two related arguments regarding his objections to the magistrate judge's order denying his request for additional time to depose Maizuss. First, he argues that the district court erred by failing to infer from his objections that he "[could not] present facts essential to justify [his] opposition" to the government's summary judgment motion. Fed. R. Civ. P. 56(d). Because nothing in his objections put the district court on notice that he needed the discovery to oppose summary judgment, he has forfeited this argument. *See Avila v. Travelers Ins. Co.*, 651 F.2d 658, 660 (9th Cir. 1981) ("A contention by an opposing party that he had insufficient time in which to present specific facts in opposition to the motion normally cannot be successfully made for the first time on appeal.").

Second, Valentine argues that the district court erred by failing to rule on his objections. But once the district court granted summary judgment, Valentine's objections to the discovery order became moot. *See Stevens*, 899 F.3d at 676–77.

**AFFIRMED.**

3