[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Newsome v. Hack*, Slip Opinion No. 2020-Ohio-4812.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-4812

THE STATE EX REL. NEWSOME *v.* HACK ET AL.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Newsome v. Hack*, Slip Opinion No. 2020-Ohio-4812.]**

*Mandamus—Sentencing transcript—Impossible acts—Prior judgment cannot be executed—Judgment vacated and writ denied.*

(No. 2019-0457—Submitted August 4, 2020—Decided October 13, 2020.)

IN MANDAMUS.

————————

**Per Curiam.**

{¶ 1} For the following reasons, we vacate our February 5, 2020 judgment granting relator, Jeffrey Newsome, a writ of mandamus, and we enter judgment denying the writ.

**I. Background**

{¶ 2} On March 27, 2019, Newsome filed an original action in this court, seeking a writ of mandamus to compel a former Marion County court reporter,

respondent Karla Hack, to inform him of the cost to obtain a copy of his 2009 sentencing transcript.  On February 5, 2020, we granted the writ and ordered Hack and respondents Marion County Court Reporter's Office and the current court reporter to tell Newsome the transcript fee.  *State ex rel. Newsome v. Hack*, 159 Ohio St.3d 44, 2020-Ohio-336, 146 N.E.3d 571, ¶ 8-10.

{¶ **3**} On April 17, 2020, Newsome filed a notice informing us that respondents had not complied with the writ of mandamus.  We ordered Hack to demonstrate a verifiable factual basis as to whether our judgment had been or was able to be executed.  159 Ohio St.3d 1412, 2020-Ohio-3275, 147 N.E.3d 649.

## II.  Hack's response

{¶ **4**} On June 30, 2020, Hack filed her response, to which she attached her own affidavit and the affidavit of Greg Boyd, bailiff to Judge Jason Warner of the Marion County Court of Common Pleas.

{¶ **5**} Hack avers that upon her 2012 retirement as the Marion County court reporter, "all remaining notes retained in my service were turned over to the custody of the Common Pleas Court for destruction.  Any notes from [*State of Ohio v. Jeffrey Newsome*] Case No. 08-CR-438 (if in fact there were notes) have been destroyed."  Hack also states that she has "advised Mr. Newsome that [she] do[es] not have records relating to this case and instructed him that he would have to contact the Court of Common Pleas of Marion County and that if a recording of the proceeding was provided to [her, she] would transcribe the sentencing hearing."

{¶ **6**} Boyd avers that as bailiff, he has "access to the electronic files which contain recordings of official court proceedings."  He further avers that the county prosecutor asked him to produce the recording of Newsome's 2009 sentencing hearing.  However, Boyd "concluded that no such recording existed," and he "advised the Prosecuting Attorney that the Judgment of the [Ohio] Supreme Court cannot be executed."  Boyd also states that he spoke to the former bailiff, Kevin

2

Williams, who allegedly told Boyd that in late 2017, he had been asked by Newsome's family to provide the same recording but could not locate it.

### III. Analysis

{¶ 7} In this case, the only evidence indicating that a transcript of Newsome's sentencing hearing exists is the trial court's statement to that effect in a December 2017 entry. It now appears that that statement was not correct.

{¶ 8} Moreover, it seems that despite the fact that according to Hack, "[e]ach courtroom had a recording device to record the * * * proceedings," any recordings of Newsome's 2009 sentencing hearing no longer exist. Hack also indicates that a transcript of the sentencing hearing cannot be recreated because she no longer has any notes that she may have taken in Newsome's case. Had this evidence been before us at the time of our prior judgment, we would have denied the writ because mandamus will not lie "to compel what would be tantamount to an impossible act," *State ex rel. Cincinnati Enquirer, Div. of Gannett Satellite Information Network, Inc. v. Cincinnati Bd. of Edn.*, 99 Ohio St.3d 6, 2003-Ohio-2260, 788 N.E.2d 629, ¶ 15. Because a transcript cannot be located and neither Hack nor the Marion County Court of Common Pleas have the requested recording or any notes from the 2009 sentencing hearing, our February 5, 2020 judgment cannot be executed.

{¶ 9} Accordingly, we vacate our February 5, 2020 judgment and deny the writ.

Judgment vacated
and writ denied.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

————————————

Jeffrey Newsome, pro se.

Raymond A. Grogan, Jr., Marion County Prosecuting Attorney, and William J. Owen, Assistant Prosecuting Attorney, for respondents.

_____