[Cite as *Zimmerman v. Zirpolo Trust*, 2012-Ohio-346.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

ADRIENNE MONNOT ZIMMERMAN

      Plaintiff-Appellant

-vs-

PATRICIA E. ZIRPOLO TRUST
C/O PAUL MILANO, TRUSTEE

      Defendant-Appellee

JUDGES:
Hon. William B. Hoffman, P.J.
Hon. John W. Wise, J.
Hon. Julie A. Edwards, J.

Case No. 2011CA00142


O P I N I O N


| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Stark County Court of Common Pleas, Probate Division |
| JUDGMENT: | Reversed and remanded |
| DATE OF JUDGMENT ENTRY: | January 31, 2012 |

APPEARANCES:


| For Plaintiff-Appellant | For Defendant-Appellee |
|---|---|
| J. SEAN KEENAN<br>Day Ketterer Ltd.<br>200 Market Avenue North, Suite 300<br>Canton, Ohio 44702 | TREVOR A. LYKE<br>1375 South Main Street, Suite 202<br>North Canton, Ohio 44720 |

*Hoffman, P.J.*

**(¶1)** Plaintiff-appellant Andrienne Monnot Zimmerman appeals the May 31, 2011 Judgment Entry entered by the Stark County Court of Common Pleas, Probate Division, which denied her request for a copy of the trust instrument for the Patricia E. Zirpolo Trust ("the Trust"), a report of all distributions of the Trust, and a report of all current investments. Defendant-appellee is Paul Milano, Trustee of the Trust.

STATEMENT OF THE FACTS AND CASE

**(¶2)** Appellant is the mother of three minor children and the granddaughter of the late Patricia E. Zirpolo ("Decedent"). Appellee is a nephew of Decedent.

**(¶3)** On March 20, 2003, Decedent executed the original Trust document. Appellant was a 25% beneficiary under the original terms of the Trust. Decedent signed an amendment to the Trust on May 21, 2007, changing the remainder of the beneficiaries. Pursuant to the 2007 Amendment, Appellant was removed as a beneficiary and her children were named as beneficiaries. Following Decedent's death in April, 2008, Appellee contacted Appellant to obtain the children's social security numbers, and to advise Appellant the children were beneficiaries of the Trust. Subsequently, Appellee's attorney notified in writing each of the children as to his/her beneficiary status, and provided an explanation of how the Trust funds would be distributed.- 1/3 distribution at age 25, 1/3 distribution at age 30, and the remainder at age 35.

**(¶4)** According to Appellant, during the summer, 2009, Appellee advised her he was going to place her children's shares of the Trust into a money market account. Appellee did so, and the initial investment of $16,000/child grew to $18,000/child. All of

the Trust funds have been distributed to the respective beneficiaries except for the shares designated for Appellant's children. Only two of the beneficiaries were under 35 at the time of distribution. Pursuant to the full discretionary powers granted to Appellee by the Trust, those two beneficiaries received their funds early as they were attending college and sought to utilize the distributions to pay for their educations.

**(¶5)** Appellant requested an unredacted copy of the Trust document as well as any reports regarding trust assets and disbursements from Appellee. Appellee refused to provide Appellant with the requested materials. Appellee advised Appellant's attorney he did not provide such materials as the Trust documents specifically prohibits the release of information. The Trust provides: "the Trustee shall use their best efforts to provide no information about the trust proceeds to the beneficiaries. It is my intention that the beneficiaries should have no information about the proceeds until they are entitled to receive the proceeds." According to Appellee, Decedent advised him she wanted to include a confidentiality provision due to family conflicts which arose after her own father's death.

**(¶6)** On June 4, 2010, Appellant filed a Complaint in the Stark County Court of Common Pleas, Probate Division, requesting the trial court direct Appellee to provide her with a complete copy of the Trust document as well as the various reports required pursuant to R.C. 5808.13. Appellee filed a timely Answer to the Complaint. The trial court conducted a pretrial conference on July 21, 2010. The trial court ordered Appellee to provide the court, under seal, with the original, unredacted Trust documents. The trial court also ordered Appellee to submit documentation relative to a complaint made

to the Stark County Bar Association regarding Appellee's counsel's professional services which was potentially relevant to the instant action.

**(¶7)** Via Judgment Entry filed September 1, 2010, the trial court denied Appellant's request for a copy of the Trust document and the various reports pertaining thereto. Appellant filed a Notice of Appeal to this Court. This Court reversed the judgment of the trial court, and remanded the matter for further proceedings. Upon remand, the trial court conducted an evidentiary hearing on April 6, 2011. Via Judgment Entry filed May 31, 2011, the trial court again denied Appellant's request for a copy of the Trust document and the various reports pertaining to the Trust.

**(¶8)** It is from this judgment entry Appellant appeals, raising the following arguments:[1]

**(¶9)** "I. APPELLANT HAS NO CONFLICT OF INTEREST WITH HER MINOR CHILDREN.

---

[1] Appellant sets forth three arguments on p.i. of her Brief. Appellant also sets forth the following five assignments of error on p.1 of her Brief:

"I. THE PROBATE COURT'S DENIAL OF APPELLANT'S MOTION FOR JUDGMENT ON THE PLEADINGS WAS CONTRARY TO LAW.

II. THE PROBATE COURT'S JUDGMENT THAT APPELLANT 'DOES NOT MEET THE REQUIREMENTS OF OHIO REVISED CODE §5803.03 AS THERE IS A CONFLICT' BETWEEN APPELLANT AND HER CHILDREN/BENEFICIARIES IS CONTRARY TO LAW.

III. THE PROBATE COURT'S JUDGMENT THAT APPELLANT WAS 'DISINHERITED' BY THE SETTLOR OF THE TRUST AND THUS 'IS NOT A PROPER REPRESENTATIVE' FOR HER CHILDREN/BENEFICIARIES IS CONTRARY TO LAW.

IV. THE PROBATE COURT'S JUDGMENT THAT THE TRUSTEE'S REFUSAL TO PROVIDE THE TRUST DOCUMENTATION REQUESTED BY APPELLANT WAS JUSTIFIED BECAUSE 'THE TRUST DOCUMENT REFLECTS THE SETTLOR'S INTENT AND PROVIDES THAT TRUSTEE NOT DISCLOSE THE INFORMATION' IS CONTRARY TO LAW.

V. THE PROBATE COURT'S JUDGMENT IS CONTRARY TO LAW BECAUSE IT IS BASED, AT LEAST IN PART, UPON A 'TRUST DOCUMENT' WHICH WAS AVAILABLE TO THE COURT AND TO APPELLEE BUT NOT TO APPELLANT AND, THUS, CANNOT BE <u>ANY</u> BASIS FOR THE JUDGMENT OF THE COURT."

The "Argument" section of Appellant's Brief correlates to the three arguments sets forth, supra. Accordingly, we shall only address those arguments in this Opinion.

**(¶10)** "II. THE SETTLOR OF A TRUST CANNOT DIRECT ACTION WHICH IS CONTRARY TO THE OHIO TRUST CODE.

**(¶11)** "III. THE TRUST DOCUMENTS WHICH ARE THE VERY OBJECT OF APPELLANT'S COMPLAINT CANNOT BE ANY BASIS FOR THE PROBATE COURT'S JUDGMENT."

I

**(¶12)** In her first assignment of error, Appellant contends the trial court erred in finding she did not meet the requirements of R.C. 5803.03 because a conflict of interest exists between her and her children.

**(¶13)** R.C. 5803.03 provides:

**(¶14)** "To the extent there is no conflict of interest between the representative and the person represented or among those being represented with respect to a particular question or dispute, all of the following apply:

**(¶15)** "* * *

**(¶16)** "(F) A parent may represent and bind the parent's minor or unborn child if neither a guardian for the child's estate or a guardian of the person has been appointed. If a minor or unborn child is not represented by a parent under this division, another person may represent and bind the minor or unborn child under section 5803.04 of the Revised Code if the requirements of that section are met."

**(¶17)** The trial court found Appellant has a conflict of interest which prevents her from being a proper representative for her children. Specifically, the trial court determined a conflict exists due to the fact Appellant held a prior status as a 25%

beneficiary in the original Trust, but was subsequently removed when the Trust was amended in 2007.

**(¶18)** Appellant's instant action does not challenge her removal as a prior designated beneficiary. It is prosecuted by her in her representative capacity as mother of the children, who are beneficiaries of the amended trust. We do not find Appellant's previous status as a named beneficiary, in the absence of a challenge to her removal as such, standing alone, establishes a conflict of interest with her status as representative of her children. Furthermore, we note R.C. 5808.13 does not create an exception to a trustee's duty due to a conflict of interest.[2]

**(¶19)** Appellant's first assignment of error is sustained.

II

**(¶20)** In her second assignment of error, Appellant maintains the trial court erred in enforcing provisions in the Trust which are contrary to the Ohio Trust Code. We agree.

**(¶21)** To reiterate, Decedent included the following language in the Trust: "[T]he Trustee shall use their best efforts to provide no information about the trust proceeds to

---

[2] R.C. 5808.13 provides: "(A) A trustee shall keep the current beneficiaries of the trust reasonably informed about the administration of the trust and of the material facts necessary for them to protect their interests. Unless unreasonable under the circumstances, a trustee shall promptly respond to a beneficiary's request for information related to the administration of the trust.
"(B) A trustee shall do all of the following:
"(1) Upon the request of a beneficiary, promptly furnish to the beneficiary a copy of the trust instrument. Unless the beneficiary expressly requests a copy of the entire trust instrument, the trustee may furnish to the beneficiary a copy of a redacted trust instrument that includes only those provisions of the trust instrument that the trustee determines are relevant to the beneficiary's interest in the trust. If the beneficiary requests a copy of the entire trust instrument after receiving a copy of a redacted trust instrument, the trustee shall furnish a copy of the entire trust instrument to the beneficiary. * * * Nothing in division (B)(1) of this section limits the ability of a beneficiary to obtain a copy of the original trust instrument, any other restatements of the original trust instrument, or amendments to the original trust instrument and any other restatements of the original trust instrument in a judicial proceeding with respect to the trust."

the beneficiaries. It is my intention that the beneficiaries have no information about the proceeds until they are entitled to receive the proceeds." This language is in conflict with R.C. 5808.13, which requires a trustee to "respond to a beneficiary's request for information related to the administration of the trust."

**(¶22)** It is well established, the intention of the settlor controls and, unless contrary to law or public policy, the intention is to be given effect. *Volkema v. Hanover* (1968), 15 Ohio App.2d 23. We find the statutory language takes precedent. Once the requirements of R.C. 5808.13 were satisfied, the Trustee had a duty to provide the requested documents to the beneficiaries, or in this case, their mother as representative.

**(¶23)** Appellant's second assignment of error is sustained.

III

**(¶24)** In her final assignment of error, Appellant submits the trial court erred in rendering judgment based upon language in theTrust documents when said documents were not made available to Appellant.

**(¶25)** Based upon our disposition of Appellant's first two assignments of error, we find Appellant's third assignment of error to be premature.

**(¶26)** The judgment of the Stark County Court of Common Pleas, Probate Division, is reversed and the matter remanded for further proceedings consistent with the law and this opinion.

By: Hoffman, P.J.

Wise, J. and

Edwards, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ John W. Wise_____
HON. JOHN W. WISE


s/ Julie A. Edwards_____
HON. JULIE A. EDWARDS

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| ADRIENNE MONNOT ZIMMERMAN | : | |
| | : | |
| Plaintiff-Appellant | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| PATRICIA E. ZIRPOLO TRUST | : | |
| C/O PAUL MILANO, TRUSTEE | : | |
| | : | |
| Defendant-Appellee | : | Case No. 2011CA00142 |

For the reasons stated in our accompanying Opinion, the judgment of the Stark County Court of Common Pleas, Probate Division, is reversed and the matter remanded for further proceedings consistent with the law and this opinion. Cost to Appellee.


s/ William B. Hoffman
HON. WILLIAM B. HOFFMAN


s/ John W. Wise
HON. JOHN W. WISE


s/ Julie A. Edwards
HON. JULIE A. EDWARDS